## CLARENCE I. PECK

### v.

## SCOVILLE MANUFACTURING COMPANY.

*Landlord and Tenant—Lease—Conditions—Sum Paid Out by Tenant for Repairs.*

1. The rule that where there is an inconsistency, the written portions of a contract will prevail over the printed, has no application where there is no inconsistency, and does not do away with the rule that effect is, if possible, to be given to every portion of the contract.

2. A tenant bound to restore premises named, in good order, "loss by fire or inevitable accident, or ordinary wear excepted," is obliged to repair a window broken by a stone accidentally kicked by a passing team.

3. In such case, the burden of proving that the window was broken by inevitable accident, is upon the tenant.

[Opinion filed December 7, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Appellant leased to appellee certain premises in Chicago. The following portion of the lease was in writing:

" Said party of the second part shall keep the roof of said building clear of ice, snow and rubbish; shall not permit telegraph or telephone companies to attach wires to said building without written permission from said party of the first part; shall keep the elevators in said building and all attachments thereto, including hand and lifting cables, at all times properly oiled to prevent rust and wear; shall keep water shut off at proper times to prevent freezing, and repair damage to plumbing or other portions of said building through neglect or carelessness; shall keep all packing of cylinder and all other parts of elevator in proper condition, and renew packing as worn out."

The following portion was a part of the printed form :

" And the said party of the second part further covenants with the said party of the first part, that said party of the second part has received said demised premises in good order and condition, and that at the expiration of the time in this lease mentioned, or sooner determination thereof by forfeiture, he will yield up the said premises to the said party of the first part in as good condition as when the same were entered upon by the said party of the second part, loss by fire or inevitable accident or ordinary wear excepted; and also will keep the said premises in good repair during this lease at their own expense."

Thirty dollars of the rent for April appellee refused to pay because it had paid out that sum for repairs. Thereupon appellant brought suit.

George B. Kerr testified on behalf of the defendant :

" Am the agent of defendant; refused to pay the said sum of $30 because a window was broken without any fault of theirs and it cost that sum to have it repaired, and took out the cost of the same from April rent. I am not able to say how the window was broken except that a stone did it. I saw

no one throw it. It might have been broken by a stone kicked by a passing team; I think the window was broken in that way but don't know, and I have seen stones kicked across the street by passing teams."

Cross-examined by Mr. Maher : " The stone was a piece of rough limestone about as large as a man's fist. Lake street is a paved thoroughfare. The window is up about four feet above the sidewalk, which, between the window and the street, is about twenty feet wide. The window is on the north side of Lake street fronting the street."

The finding and judgment were for the defendant, and the plaintiff brings this appeal.

Mr. EDWARD MAHER, for appellant.

Messrs. TOLMAN & SIMONS, for appellee.

WATERMAN, P. J. The rule that where there is an inconsistency, the written portions of a contract will prevail over the printed, has no application where there is no inconsistency and does not do away with the rule that effect is, if possible, to be given to every portion of the contract. There is no necessary inconsistency between the written and printed portions of this lease. King v. Driss, 5 Robertson (N. Y.), 521.

Appellee was bound to restore the premises in good order, " loss by fire or inevitable accident or ordinary wear excepted."

A window broken by a stone accidentally kicked by a passing team is not broken by *inevitable* accident. The kicking of the stone, so far as appellee is concerned, may have been inevitable, but not the breaking of the window; that might have been protected by a blind or wire netting.

The burden of proving that the window was broken by inevitable accident was on appellee; this it failed to do.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*