## TAYLOR v. CAMPBELL.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. LANDLORD AND TENANT—LEASE OF FURNISHED HOUSE—INJURY TO FURNITURE—ACTION—EVIDENCE.

In an action on a covenant by the lessee, in a lease of a furnished house, to make good all damages, breakage, or loss to furniture, crockery, glass, and other wares, loss by fire and the ordinary reasonable use and wear thereof excepted, to recover damages for breakage and loss to such wares, the lessor made out a cause of action upon proving the sound condition of the goods when possession was delivered to the tenant and that when he re-entered a clock and glassware were broken and the furniture unusually damaged; and the burden was on the tenant to show that the conditions were caused by fire or were a result of ordinary reasonable use and wear.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 612–626.]

2. SAME—USE OF PREMISES—ORDINARY REASONABLE USE AND WEAR.

In general, the ordinary reasonable use and wear of property by a tenant has relation to the depreciation in condition of building or prop-

erty which it undergoes during the tenant's occupation, when the tenant, in the case of a residence, at least, does nothing in connection with the use more than to come and go and perform the acts usually incident to creating and maintaining conditions for living in the ordinary way.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 616.]

3. SAME.

Where a picture falls from the wall of its own weight, and damages furnishings while the room is being used in the ordinary reasonable way, the furnishings are injured in the course of ordinary reasonable use and wear, within the meaning of a lease making the tenant liable for all damages to furniture, etc., except by fire and the ordinary reasonable use and wear thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 616.]

Appeal from Municipal Court, Borough of Queens, Second District.
Action by John H. Taylor against Henry G. Campbell. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.
Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Joseph G. Deane, for appellant.
Pierre M. Brown, for respondent.

HOOKER, J. The plaintiff, as landlord, entered into an agreement of lease with the defendant, as tenant, under which the defendant occupied the plaintiff's furnished summer home for 5 months and 20 days, from the 10th day of May, 1906, to the 31st day of October of the same year. One of the covenants in the lease was as follows:

"And the party of the second part further expressly covenants and agrees to keep the furniture enumerated in said schedule or inventory, and which is contained in the said house, in good order and repair at his own proper cost and expense, and also to pay for, replace, or make good any and all damages, breakage, or loss to said furniture, crockery, glass, and other wares (excepting loss or damage by fire), and not to permit the same or any article thereof to be taken out of said house at any time, and to surrender and deliver up said furniture at the expiration of said term, the ordinary reasonable use and wear thereof excepted."

This action is for damages, because of breakage and loss to furniture, crockery, glass, and other wares, which were demised with the premises. The plaintiff has had judgment, and the defendant appeals. The plaintiff proved the condition of the goods in question at the time possession was delivered to defendant, and showed that when he re-entered they were damaged. A clock was broken, and some glassware and crockery smashed, besides other unusual damages to some of the furniture, and rested his case. He made out a cause of action, because furniture, crockery, and glass do not get in that condition with "ordinary reasonable use and wear"; and the burden was cast upon the defendant to show that the condition was caused by fire, or as a result of ordinary reasonable use and wear, the only two exceptions to the defendant's absolute covenant to make good any and all damages, breakage, or loss.

The defendant's wife and a servant in her employ testified that most of the damage was caused by falling pictures, eight or ten of which dropped down during this term of 5½ months. These were doubtless interested witnesses, and it is probable that the trial court would have had the right to disbelieve their testimony and render judgment for the plaintiff for the full amount of his claim, on the theory that the presumption raised by the plaintiff's evidence had not been successfully met. However, one of the plaintiff's servants, Allen by name, was also called as a witness, and testified to the falling of a heavy picture over the mantel, and produced a part of the broken wire which he detached therefrom at the time of the fall. It was the fall of this picture which caused the major part of the damages. It seems to be admitted, as far as this appeal is concerned, that this picture did actually fall. There is nothing in the evidence to show that the fall was due to the positive act of any member of the defendant's household, and the conclusion is that it just fell. The question is whether this fall was an incident to the ordinary reasonable use and wear of the premises and furnishings, or not.

In general, the ordinary reasonable use and wear has relation to the depreciation in condition of building or property which it undergoes during the occupation of the tenant, when the tenant, in the case of a residence, at least, does nothing in connection with the use more than to come and go and perform the acts usually incident to creating and maintaining in the ordinary way conditions for living, or, in other words, what of depreciation occurs while the tenant does by his affirmative act nothing inconsistent with the usual use, or does not omit to do acts which it is usual for the tenant to perform, is due to ordinarily reasonable use and wear. The only conclusion possible from the evidence is that the heavy picture in question fell while the room in which it hung was being used in the ordinary reasonable way; for it fell of its own weight, without the interference of any outside agency. Nothing the defendant or members of his family had done or were doing caused it to fall; and nothing they had omitted to do was the cause, for it is entirely unreasonable to suppose that it is the ordinary thing for a summer tenant, when he takes a furnished house for a period of five or six months, to examine and test the sufficiency of the wire which supports the pictures hanging on the walls. In fine, the picture fell while the defendant was in the "reasonable ordinary use" (the words of the lease) of the premises and its furnishings.

Our conclusion is that, so far as the furnishings were concerned which suffered by reason of the fall of the heavy picture, they were injured in the course of ordinary reasonable use and wear, and for the damage to them the defendant was not liable.

Under our view of the case a new trial should be had, and the judgment is therefore reversed, and a new trial ordered; costs to abide the event. All concur.