## THENA RUSTAD v. L. A. LAMPERT.[1]

### July 1, 1921.

### No. 22,314.

**Surrender of leased premises — cracked furnace — failure of proof.**

A lease obligated the lessee to deliver up the premises at the end of the term in as good order and condition and state of repair as they were at the time of the letting, reasonable use and wear and inevitable accident excepted. When the premises were surrendered the furnace was cracked. Proof of these facts made it incumbent on the tenant to prove that the damage was due to the excepted cause. Under the evidence in the case a finding for plaintiff is sustained.

Action in the district court for Pennington county to recover $60 for two months' rent and $380 for the damaged condition of the premises when surrendered. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff for $318.20. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*E. M. Stanton,* for appellant.

*O. A. Naplin,* for respondent.

HALLAM, J.

Plaintiff owned a house in Thief River Falls in which was a steam heating plant. In March, 1918, plaintiff leased it to defendant by written lease for a year from May 1, 1918. Defendant took possession. The lease was renewed for another year. The lease contained a clause

[1]Reported in 183 N. W. 843.

which required the lessee to quit and deliver up the premises at the end of the term "in as good order and condition and state of repair, reasonable use and wearing thereof and inevitable accident excepted, as the same now are." In December, 1919, the boiler in the heating plant cracked or burst and was damaged to the extent of $300 and the premises were surrendered in this damaged condition. Plaintiff sued to recover this amount. Plaintiff prevailed and defendant appeals.

Under the terms of the lease plaintiff is entitled to recover, unless the cracking of the boiler was due to inevitable accident. The court found in effect that it was not due to inevitable accident, but that it was caused through the negligent and careless handling of defendant.

The evidence is that the bursting of the furnace was probably caused either by freezing, or from being dry, and then, when heated, coming into contact with water. There is nothing in the evidence to indicate freezing. There is evidence that a steam plant, if not in good working order, or if rust and dirt accumulate, may become air bound, that is, the water gets up in the radiators and remains there for awhile, and when it does come down it may crack the boiler. There is evidence that this heating plant was in running order at the time defendant took possession. After the damage was done, defendant endeavored to repair it, and, finding that he could not do so, made other provision for heating the house, all without suggestion that it was incumbent on anyone other than himself to restore it.

We think the evidence such as to sustain the finding of the court that the damage to the furnace was not the result of inevitable accident. Plaintiff made out a prima facie case when she proved that the premises were surrendered in damaged condition. It was then incumbent on defendant, if he would avoid liability, to prove that the damage was due to the excepted cause. Underhill, Landlord & Tenant, § 537; Peck v. Scoville Mnfg. Co. 43 Ill. App. 360. The court might properly find that he had failed to do so.

Judgment affirmed.