## CINCINNATI OAKLAND MOTOR CO v MEYER

Ohio Appeals, 1st Dist, Hamilton Co
No 3587. Decided Feb. 24, 1930

Hightower, O'Brien & Porter, Cincinnati, for Motor Co.

Clark & Robinson, Cincinnati, for Meyer.

ROSS, J.

The lease attached as an exhibit contains no covenant on the part of either landlord or tenant to repair, except in the case of the tenant as the same may be inferred from the following language: "and at the end of said term it" (the tenant) "will deliver up said premises in as good order and condition as they now are or may be put by the said lessor, **reasonable use and ordinary wear and tear thereof** and damage by fire or other unavoidable casualty, condemnation, or appropriation excepted."

In the absence of statute, ordinance, express stipulation, or covenant, the **lessor** is not bound to make repairs to the leased property. 36 Corpus Juris, Landlord & Tenant, section 766, page 125; section 769, page 130. 16 R. C. L. page 1030, Landlord & Tenant section 552. **Goodall v. Deters, 121 Oh St 267** (Ohio Law Reporter, Jan. 27, 1930). **Shindelbeck v. Moon, 32 Oh St 264.**

It appears from the stipulation that there was no contractual obligation upon the landlord to make repair of the heating plant.

In the absence of express stipulation, covenant, statute, or ordinance, the tenant's obligation is not to repair generally, but is in effect an implied agreement against volluntary waste and to return the premises to the landlord in substantially as good condition as when received, reasonable wear and tear excepted. 36 Corpus Juris, 128, Landlord & Tenant, section 767.

"This is, however, the extent of the tenant's obligations and if the landlord wishes to impose on the tenant the duty of making repairs beyond these, he can do so only by express covenant in his lease to that effect." 16 R. C. L. 1086, Landlord & Tenant, section 603.

As the matter was presented to the court, the question raised was upon whom fell the burden of repairing the furnace. Under the stipulation, the fact that the landlord made the repairs is not to be considered in fixing the obligations of the parties.

There is no obligation upon the landlord to repair the furnace, and there would be no obligation upon the tenant if the failure of the furnace to function was due to reasonable wear and tear. The heating plant had been in operation a little more than eight years. There is nothing in the record to show what was the normal period of usefulness of such a furnace as was involved. There is nothing to show that the repairs were made necessary by reason of normal deterioration; nor, on the other hand, is there anything to indicate that the furnace had been damaged by any act of the tenant which would constitute waste. But as the tenant is bound to put the premises in substantially the state in which they were received, and the effect of wear and tear constitutes an exception to this obligation, it must be shown that the necessity for repairs is due to reasonable wear and tear, in order to release him from the burden. The furnace men found that the necessary repairs would be as expensive as a totally new furnace. It is contended that the repairs amounted to a replacement, and were structural, and therefore, within the obligation of the landlord. We cannot see how even such a view would avail the tenant, for, unless the landlord were directly instrumental in producing the necessity for replacement, he would still be under no obligation to replace even a structural failure. Corpus Juris, Id. 769.

It is manifest that the tenant required a heating plant for the continued convenient occupation of the premises. There would have been no reason otherwise for the agreement between the landlord and tenant, that same shoulld be installed. The plant was installed for his convenience. It is true the landlord's premises were thereby enhanced, but this creates no liability upon him. The stipulation being wholly silent as to the cause of the defective condition of the plant, the burden being on the tenant to repair and replace, unless excused by a showing that reasonable wear and tear had caused the defects, we are constrained to hold that the installation was for the tenant's benefit in fulfilling his duty, and must be at his cost.

While we consider the foregoing decisive of the rights involved, even if it were shown that the failure to function was due to ordinary, reasonable deterioration, there being no liability, express or implied, upon the landlord to repair, we would still be compelled to hold that the repair must be at the cost of the tenant.

The judgment of the court of common pleas is affirmed.

Cushing, PJ, and Hamilton, J, concur.