**Minnie H. Case, Appellant, v. Louis W. Guise and Alberta S. Guise, Appellees.**

**Gen. No. 9,141.**

Opinion filed January 18, 1937. Rehearing denied February 20, 1937.

WALTER HAMILTON, of Chicago, for appellant.

REED & KEENEY, of Naperville, for appellees; RUSSELL W. KEENEY and GORDON MOFFETT, of Naperville, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Minnie H. Case was the owner of a house and lot in Glen Ellyn, Illinois. The house was a new seven-room dwelling. She rented this house to Louis W. Guise and Alberta S. Guise, the appellees in this suit, for a monthly rental of $80. The lease was from September 1, 1932, to August 31, 1933. The appellees lived in the house and paid their rent regularly for the full term of one year and then surrendered the property to the appellant. This suit was started by the appellant against the appellees for damage to the property. The appellant claims that at the time the premises were delivered to the appellees, the building was new, the floors and everything were in first-class condition; that the floors were red oak, which is a hard wood; that when the premises were surrendered to the appellant, there were numerous large and unsightly spots on the floors; that these spots could not be removed without having the floor repaired; and that the plaintiff had been damaged to the amount of $800.

The defendants filed an answer to this complaint, in which they admit the execution of the lease and occupancy of the premises until 1933. The answer denies that the damage was caused by anything that was done on their part, and alleged the damage, if any, was caused by the negligence of the plaintiff, Minnie H. Case.

The case was heard before the court without a jury. The plaintiff introduced the lease, which was admitted in evidence. Charles H. Henry was called as a witness

for the plaintiff and testified that the house in question was a new house in first-class condition, with hard wood floors throughout; that the appellees were the first tenants to occupy the house; that he visited the premises several times during the year, and that the appellees were occupying the house; that one or two days after the appellees had vacated the house, he went inside and found numerous unsightly spots on the hard wood floors; that at the time the premises were delivered to the appellees, at the beginning of their lease, the same floors were unspotted; that an effort had been made to remove these unsightly spots, but the same could not be done. Other witnesses were called to testify in regard to the spots and the efforts which were made to remove them. They all testified that the spots could not be removed and a part of the flooring would have to be replaced. The trial court has certified to this court two exhibits which consist of parts of the floor in the living room in the house, the larger one of which shows two unsightly spots. Some of their testimony as to what it would cost to repair this floor is competent and some not competent.

At the close of the plaintiff's case, the defendants entered a motion for the court to find the issues in favor of the defendants and dismiss the plaintiff's suit. The court sustained this motion, and entered judgment in favor of the defendants, assessed the costs of suit against the plaintiff and dismissed the suit. From this judgment the appeal is prosecuted.

From a review of the evidence, it is our conclusion that the plaintiff's evidence shows that at the time the house was delivered to the appellees under the written lease, the same was in good condition and the floor free from spots and blemishes; that at the time, or a day or two after the appellees vacated the house, the floors were covered with unsightly spots; that plaintiff

proved by competent evidence, that they had sustained substantial damages.

The question then arises, Did the plaintiff make out a prima facie case so that it was incumbent upon the defendants to produce evidence to rebut this presumption? The lease, which is in the usual form, provides that the second party, which is here the appellees, have examined and know the condition of the premises. Part of the lease is as follows: "That he has examined and knows the condition of said premises; he has received the same in good repair and order; that he will keep said premises in good repair during the term of this lease at his own expense; and upon the termination of this lease will yield up said premises to the said party of the first part, in good condition and repair, loss by fire ordinary wear excepted." This lease was under seal.

The leading case on the burden of proof in such cases is *Cumins v. Wood*, reported in 44 Ill. 416. The syllabus is as follows: "In case of a bailment for hire, as well as when the bailment is gratuitous, where it appears the goods, when placed in the hands of the bailee, were in good condition, and they were returned in a damaged state, or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter, and impose on him the burden of showing he exercised such care as was required by the nature of the bailment." An examination of Shepherd's Illinois, 1936, Citator discloses that this case has been cited with approval 42 times.

We think that the Supreme Court has stated the true rule more clearly in the case of *Miles v. International Hotel Co.*, found in 289 Ill. 320, at page 327, where they say: "The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand the bailor has

made out a case of prima facie negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault. (*Cumins v. Wood,* 44 Ill. 416; *Schaefer v. Safety Deposit Co., supra.*) The effect of this rule is, not to shift the burden of proof from plaintiff to the defendant, but simply the burden of proceeding. The bailor must in all instances prove that the bailee was negligent, but when she shows that the goods which she intrusted to the bailee's care were not delivered upon demand she has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence to show that it was not negligent, and if it produces such evidence, the bailor, in order to make out her case, must show that the bailee was, in fact, negligent and that its negligence caused the loss or contributed thereto." This same rule is adhered to in the cases of *Byalous v. Matheson,* 328 Ill. 269, and *O'Meara Const. Co. v. Meltzer,* 283 Ill. App. 654 (Abst.).

We think that the rule as thus laid down governing the law of bailments is equally applicable to leases. Webster Unabridged Dictionary states that in the Roman law, early English law, the term "Bailment" was used for both land and chattels.

The Appellate Court of the First District, in the case of *Peck v. Scoville Mfg. Co.,* 43 Ill. App. 360, passed upon a suit by a landlord to recover damages from a tenant for breaking windows. The lease contained a similar clause to the lease we have been considering in this case and the court says: "The burden of proving that the window was broken by an inevitable accident was on the appellee; this, it failed to do." In *Rustad v. Lampert,* 149 Minn. 363, 183 N. W. 843, where the *Peck* case was cited with approval and followed, they say: "The plaintiff made out a prima facie case when she proved the premises were surrendered in a dam-

aged condition. It was then encumbent on the defendant if he would avoid liability to prove that the damage was due to the excepted cause.'' Underhill, Landlord and Tenant, section 53; *Peck v. Scoville Mfg. Co., supra.* The same rule was announced by the Supreme Court, Appellate Division, Second Department, State of New York in *Taylor v. Campbell,* 123 App. Div. 698, 108 N. Y. S. 399.

The appellees, in their brief, cite cases which they contend sustain their argument that the plaintiff did not make out a prima facie case, but these cases do not support their contention. We have been unable to find any case that enunciates different rules from those which our Appellate and Supreme Court have given. It is our conclusion that the appellant made out a prima facie case at the time of the trial, and that the court erred in entering a judgment for the defendants and dismissing the plaintiff's suit.

The judgment of the circuit court of DuPage county is hereby reversed and the cause remanded.

*Reversed and the cause remanded.*