JESPERSEN et al. v. DESERET NEWS PUB. CO.

No. 7443. Decided January 2, 1951. (225 P. 2d 1050)

236

See 51 C. J. S. Landlord and Tenant, Sec. 416.

*Ben E. Roberts,* Salt Lake City, for appellant.

*Wm. S. Livingston* and *Allen & Ruckenbrod,* Salt Lake City, for respondents.

WADE, Justice.

Defendant appeals from a judgment awarding plaintiff

$2,025 balance of the unpaid rent under the lease, $3,000 damages for the collapse of the rented building and $500 attorney's fees. The question is presented: Does the evidence sustain the court's finding that the building ■ collapsed as the result of unreasonable use thereof by overloading and not as the result of only reasonable use or from damages caused by the elements? If the answer to this question is in the affirmative, then the judgment must be approved; otherwise the award of damages to the property cannot be sustained and the award for the unpaid rentals can only be sustained on the common law doctrine that where the leased premises are destroyed without the fault of the lessee he must still pay the full rent as provided in the lease.

The record discloses that on August 20, 1948, the defendant, the appellant herein, had a number of carloads of newsprint on railroad cars for which it needed immediate warehouse space, whereupon one of its agents contacted Mr. East, one of the plaintiffs and respondents herein, to inquire about renting such space. After an inspection trip to the premises by Mr. East and defendant's agents at which time the purpose for which these premises were desired and the nature of the material to be stored therein were discussed, a written lease of the premises involved herein was entered into on August 23, 1948, between plaintiffs as lessors and defendant as lessee for a period of one year to be paid for at the rate of $225 per month. The lease among its provisions contained one that the lessee agreed to deliver up the premises at the expiration of the term in as good order and condition as it was when it was entered, "reasonable use and wear thereof and damage by the elements excepted."

The leased premises were built during the war by the War Department for use in receiving and sending out materials and were constructed for a temporary purpose

and therefore some of the materials were very poor and not made to withstand a heavy load for any great length of time. Some of the joists were of sugar pine which is considered a very poor quality of lumber and breaks easily. Defendant's agent testified that before leasing the premises he was doubtful that the flooring would sustain the load which it intended to store there, but was assured by plaintiff East that it would hold much heavier loads. East did not recall having made any such statement to defendant's agent, although he thought it would stand the load; however, he was not an engineer and he and his partners had not used any part of the premises before the lease in question was executed.

On August 23, 1948, defendant stored in those premises rolls of newsprint which had a diameter of 38 inches and were in four sizes, the 66-inch rolls weighing approximately 1,600 pounds apiece, the 49½-inch rolls weighing approximately 1,200 pounds each, the 33-inch weighing approximately 800 pounds each and the 30-inch weighing approximately 650 pounds each. These rolls of newsprint were stacked on top of each other as compactly as possible with passageways allowed for entrance and egress. On the 19th of September the flooring over which the 66-inch rolls were stacked gave way and broke. The day before and on the morning of that day there had been an unprecedently large rainfall. Both plaintiffs and defendant introduced expert testimony as to the effect of this rainfall on the footings or pillars sustaining the floor. Plaintiffs' experts testified that upon examination of the premises and the condition the footings were in after the storm that the storm had no effect on them and gave it as their opinion that the cause of the collapse of the floor was overloading. Defendant's expert testified that because the soil upon which the premises rested was of such a nature as to readily allow a sinking of the footings that it was his opinion the rainfall had accumulated sufficient water around the pillars which

sustained the part of the building which collapsed, to allow such pillars to sink, with the result that the flooring broke.

The court as the trier of the facts found:

"3. That said building and the portion thereof leased by plaintiffs to defendant contained a wooden flooring and sub-flooring supported by pilings all of which were in good, sound repair and condition when defendant took possession under said lease; that, after leasing said premises, defendant entered into possession thereof and stored certain materials therein in such amounts and in such a manner that defendant broke said floor and sub-flooring or caused said floor and said sub-flooring to be broken and smashed, said pilings to be driven downward and out of line, and the walls of said building to be broken and pushed out of line, and the whole of said structure to be damaged.

"4. That defendant has abandoned said premises and has refused and failed to restore said premises to as good order and condition as when the same were entered by defendant, reasonable use and wear thereof and damages by the elements excepted, although plaintiff's have demanded that defendant so restore the premises; that said damages are in excess of reasonable wear of said premises."

Appellant assigns these findings as error on the ground that there is insufficient evidence to support them.

This case being one brought to enforce the terms of a lease and no equitable issues being involved, this court can only review errors of law and not of fact. Art. VIII, Sec. 9, Constitution of Utah. As we have outlined above, the evidence was contradictory as to the cause of the collapse of the flooring; however, the evidence was *such that the court could reasonably find as it did that the* cause of the collapse was overloading and not the elements and that the damages sustained were in excess of a reasonable wear of the premises. By the terms of the lease, appellant had bound itself to pay the specified rent and at the end of its term to surrender the premises in as good condition as when entered, reasonable use and wear and damages by the elements excepted. Under such a lease, both at common law and under statutes liberalizing the liabilities of tenants under leases, the burden of proving that any damages to the premises upon its surrender came

within the exception clause in the lease is upon the lessee. See *Rustad* v. *Lampert*, 149 Minn. 363, 183 N. W. 843; *Cincinnati Oakland Motor Co.* v. *Meyer*, 37 Ohio App. 90, 174 N. E. 154; *Vaughan* v. *Mayo Milling Co.*, 127 Va. 148, 102 S. E. 597; and *Powell* v. *John E. Hughes Orphange*, 148 Va. 331, 138 S. E. 637. Although appellant put in proof that it inspected the premises and that before it executed the lease the respondents knew the purpose for which it intended to use them and the weights it expected them to sustain, these facts do not change the liability of appellant for its unreasonable overloading of the premises which was the direct cause of the damages sustained without establishing that the lessors knew that the premises were unfit for the use to which they were intended to be put. Here the evidence was clear that both the lessors and lessee had an equal opportunity to ascertain the condition of the flooring. It was apparent that part of it was constructed of the poorest material which was not adapted for holding great weights. In fact, appellant testified that it had qualms about its sufficiency in that respect but that one of the respondents assured it that the flooring would hold a much greater weight. One of the respondents testified that he did think it would hold a much greater weight but did not recall assuring appellant to that effect. There was no evidence respondents knew that the premises were not fit for the purposes for which they were leased. The condition of the premises was equally apparent to both lessors and lessee. No warranty was included in the lease that the premises would sustain the weights proposed to be placed on it by the lessee. Under such circumstances, the tenant took the risk of the premises as they were. See *Powell* v. *John E. Hughes Orphanage,* supra, wherein that court quotes from 16 R. C. L. Sec. 270 as follows:

"In the absence of warranty, deceit or fraud on the part of the landlord, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make ex-

amination of the demised premises to determine their safety and adaptability to the purposes for which they are hired."

The damages to the premises having been found by the court under evidence from which it could reasonably find that it had been caused by the unreasonable use which the appellant made thereof, it follows that no errors were committed. Judgment affirmed. Costs to respondents.

PRATT, C. J., and WOLFE, LATIMER, and McDONOUGH, JJ., concur.