## ROSENBLOOM v. POSNER.

### No. 1479.

Municipal Court of Appeals for the District of Columbia.

Argued April 7, 1954.

Decided May 14, 1954.

Mark P. Friedlander, Washington, D. C., for appellant.

Seymour Friedman, Washington, D. C., H. Max Ammerman, Washington, D. C., on brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges..

HOOD, Associate Judge.

Appellant, hereafter called landlord, leased to appellee, hereafter called tenant, certain commercial property for a term of five years. The lease required the tenant to make all repairs as became necessary and to surrender the premises at the end of the term in the same condition as received, usual wear and tear excepted. The lease gave the tenant the privilege of installing fixtures which would remain his property provided he removed them before expiration of the tenancy, and in the event of damage to the premises by such removal the tenant was required to reimburse the landlord for the cost of repairs necessitated thereby. At the beginning of the tenancy the tenant with the consent of the landlord disconnected the furnace and radiators, stored the radiators in the basement, and installed overhead heaters; and with the same consent the tenant removed the old-type electric fixtures, delivered them to the landlord, and installed fluorescent lights.

At the end of his tenancy the tenant removed the overhead heaters and fluorescent lights, but did not replace the radiators or the old light fixtures. This action was brought by the landlord for damages for failure of the tenant to surrender the premises in the same condition as when originally leased. The trial court ruled that there was no competent evidence offered as to the reasonable cost of replacing the radiators and light fixtures and allowed nominal damages. The landlord has appealed.

■ In his brief the landlord states that the measure of damages for breach by a tenant of a covenant to surrender the premises in the same condition as at the time of demise is "the reasonable cost of putting the premises in the required condition." As the landlord offered no evidence of the reasonable cost of replacing the radiators and electric fixtures, by his own concession there was no evidence by which the trial court could ascertain his damages. It was therefore not error for the trial court to allow only nominal damages.

■ However, the landlord did offer evidence of the cost of installing new fluorescent lights and he claims he was entitled to recover this cost. His argument is based on the contention that the tenant was only entitled to remove the fixtures prior to expiration of the lease and that they were not removed until after the lease had expired. This claim was not made at trial but was first advanced on motion for new trial. A party who tries his case on one theory and is dissatisfied with the result, may not thereafter by way of motion for new trial advance some new theory or issue which was not raised at trial. Furthermore, the trial court in deciding the case had found as a fact that the fixtures were removed at the end of the tenancy. There is nothing in the record to show that this finding was without substantial support in the evidence.

The landlord also offered evidence of the cost of installing a new boiler for the heating system, connecting that boiler to the feed and return pipes, and connecting the radiators. The evidence offered was for the total cost and did not specify the cost of the various items. It is evident that the tenant would not be liable for this amount unless he was obligated to pay for the new boiler. The landlord says he was so obligated because the boiler was in good condition at the beginning of the tenancy but after the tenant vacated was found to be cracked and in such condition that cost of repair would be greater than the cost of a new boiler. Landlord's witness testified that the crack in the boiler, in his opinion, was caused by burning trash without water in the boiler.

■ The trial court found that the landlord did not establish "by the preponderance of the evidence" that the tenant "damaged the furnace and heating system so that the landlord is entitled to recover the cost of a new heating system." The landlord complains that the trial court put the burden of proof on him and that this was error. He contends that the correct rule is that a tenant who has covenanted to surrender premises in the same condition as received, ordinary wear and tear excepted, and who surrenders the premises in a damaged condition, has the burden of showing that such damage occurred through the exception, that is, by ordinary wear and tear. There is authority for this proposition,[1] but we are not able to say from the record that the court placed the burden on the landlord. The record does not show that the landlord requested the court to rule that the burden was on the tenant. In a nonjury case the parties have the right and the duty to request of the court rulings on pertinent questions of law,[2] because without such request and ruling it is frequently impossible on appeal to ascertain whether the court in making its factual decision was guided by correct principles of law. Here there is some indication that the court placed the burden of proof on the landlord, but it does not clearly so appear. The landlord has not seen fit to include in the record a complete statement of proceedings and evidence, but has supplemented the

1. See Case v. Guise, 288 Ill.App. 609, 6 N.E.2d 469; Taylor v. Campbell, 123 App.Div. 698, 108 N.Y.S. 399; Edwards v. Ollen Restaurant Corporation, 198 Misc. 853, 98 N.Y.S.2d 815, affirmed 198 Misc. 853, 103 N.Y.S.2d 512; Cincinnati Oakland Motor Co. v. Meyer, 37 Ohio App. 90, 174 N.E. 154; Jespersen v. Deseret News Pub. Co., Utah, 225 P.2d 1050; Powell v. John E. Hughes Orphanage, 148 Va. 331, 138 S.E. 637. Cf. Bachrach v. Estefan, Tex.Civ.App., 184 S.W.2d 640.

2. Zis v. Herman, D.C.Mun.App., 39 A.2d 65; Eggleton v. Vaughn, D.C.Mun.App., 45 A.2d 362.

court's opinions on the trial and motion for new trial by a partial statement of evidence showing part of the testimony of some witnesses. It would appear from the record that the damage to the boiler was not discovered until six or seven weeks after the tenant had vacated. For all that appears in the record the trial court may have found that the landlord did not carry the burden of showing that the damage to the boiler occurred while the tenant was in possession.[3] On the record before us we find no error.

Affirmed

3. Cf. Zoslow v. National Savings & Trust Co., 91 U.S.App.D.C. 391, 201 F.2d 208.