**SEIDENBERG v. BURKA.**

No. 1488.

Municipal Court of Appeals
for the District of Columbia.

Argued June 15, 1954.

Decided July 7, 1954.

Rehearing Denied July 14, 1954.

Mark P. Friedlander, Washington, D. C.,
with whom Harry S. Klavan, Washington,
D. C., was on the brief, for appellant.

Milton M. Burke, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

A landlord of commercial property
brought suit for possession against her ten-
ant for nonpayment of rent, and included
in the suit a demand for a money judgment
in the amount of unpaid rent, $125. At
trial the tenant admitted that the rent had
not been paid, but asserted by way of set-
off that the landlord was indebted to him
in a far greater sum because of failure to
repair the roof as required by the lease.
The evidence showed that the tenant entered
into possession of the property in 1945
under a lease for a term of years and that
he undertook extensive remodeling, in-
cluding construction of a fireproof ceiling,

at a cost of approximately $18,000. The tenant testified that the roof began to leak about 18 months prior to the date of trial and that the leakage of water weakened the ceiling so that parts of it fell. He notified the landlord of this condition, but nothing was done for a period of months, and because of the leaking water and the danger of the ceiling falling he was forced to discontinue use of the second floor of the building. Several photographs were introduced into evidence depicting the damage to the ceiling. Towards the end of the rental month in question the landlord had made some repairs to the roof and ceiling, but according to the tenant the work proved unsatisfactory and the roof was still leaking and the metal sheeting used to cover the holes in the plaster ceiling was coming loose. The tenant's plea of set-off and the testimony at trial related to the ceiling damage only, and while the record does not explicitly so state, the case appears to have been tried solely upon that question. At the conclusion of the trial the court made a general finding for the tenant and the landlord appeals.

█ There is no question in this jurisdiction that when a tenant is sued for possession of real property for nonpayment of rent he may defend by an equitable defense sufficient to defeat the landlord's claim for rent in whole or in part, or he may defend by way of set-off for a total or partial failure of consideration in order to avoid circuity of action.[1] In the present case it was within the tenant's power to elect in what manner he would prosecute his claim for damages. But the difficulty that confronts us is the absolute lack of testimony as to damages. The tenant, according to the statement of proceedings and evidence, stated "that the ceiling was built with fireproof filling between the ceiling and the roof and that the ceiling would be quite costly to repair so that the many broken places would be similar to the remainder of the ceiling." But he introduced no testimony as to the cost of making these repairs to the ceiling.

██ In lieu of such proof the tenant argues that a judgment for a party presupposes that all findings of fact are consistent with the judgment, and this would apply to damages as well as to liability. Further, he claims that the photographs reflected the extent of the damage and that therefore it must be concluded that the evidence warranted such a finding. With this we cannot agree. Where there is no proof of damages or the proof is vague and speculative, only nominal damages are allowable.[2]

█ The court could have found from the testimony that there was a breach of the covenant by the landlord to make repairs to the roof, and that this failure caused some damage to the ceiling. Therefore, the measure of damages on the plea of set-off was the reasonable cost of repairing the ceiling. Damages could have been proven by the tenant with some degree of exactness, and the responsibility was on him to furnish the court some evidence by which it could ascertain his damages. In the absence of any such proof only nominal damages can be allowed.

The case will be remanded and the trial court will allow the tenant $1 nominal damages and enter a judgment for the landlord for the balance due on the rent for December 1953.[3]

Reversed, with instructions.

1. Code 1951, §§ 13–214, 16–1901; Mitchell v. David, D.C.Mun.App., 51 A.2d 375; Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617.

2. Rosenbloom v. Posner, D.C.Mun.App., 104 A.2d 823.

3. Code 1951, 16–1903.