Clarence J. Henry, J.
This is a motion by the defendant to dismiss both causes of action in the complaint on the ground that they fail to state facts sufficient to constitute a cause of action (Rules Civ Prac., rule 106), or, failing that, for an order requiring an amendment of the second cause making it more definite and certain (rule 102).
On December 7, 1954 the plaintiff’s predecessor leased to the defendant’s predecessor the so-called “ North Park Drive-in ” theatre for a term of 10 years, and the provisions of the lease continue to govern the rights and obligations of the parties herein.
The plaintiff commenced action on or about October 20, 1961, the lease having, therefore, some 3 years yet to run.
The first cause set forth in the complaint alleges a violation of paragraph ‘ ‘ eighth ’ ’ of the lease. That paragraph reads as follows: ‘ ‘ The Tenant shall, except as hereinafter set forth, at its own cost and expense, make all repairs and shall keep the said premises, and all of the fixtures, equipment, machinery and personal property and every part thereof, in good repair during the said term, and shall surrender said premises to the Landlord at the expiration of this Lease in as good condition as at the time of taking possession, damage by the elements and necessary wear and tear excepted.”
Eighteen items of claimed failure on the part of the defendant tenant to keep in repair are listed, and the attack of the latter *243 on the cause is that it fails to eliminate the possibility that the conditions described in such items were not the result of “ damage by the elements ” or “ necessary wear and tear ”, as excepted by the paragraph.
It seems reasonable, and there is authority for holding, that the provisions for repair during the term of the lease, and those concerning the condition of the premises upon termination of the lease, should be read together (Gould v. Springer, 206 N. Y. 641; Wanamaker v. Butler Mfg. Co., 136 App. Div. 265). This being so, it follows that the defendant tenant is excepted from liability for damage caused by the 11 elements ” or resulting from ‘ ‘ necessary wear and tear ’ ’ occurring during the term of the lease as well as from damage so occasioned which has accumulated at the termination of the lease. However, an examination of the items (typical: “ (b) The grade of the ramp and driveways * * * have been altered and require re-grading and re-rolling ”; “ (e) the speaker posts are bent and require alignment, repair and repainting ”) satisfies that, for the most part at least, they describe damage which ordinarily does not develop from assault by the elements or necessary wear and tear (see Taylor v. Campbell, 123 App. Div. 698). Allegations of damage not ordinarily and reasonably resultant from excepted causes make out a prima facie case and cast upon the defendant tenant the burden of going forward during the trial, or conceivably upon appropriate motion, with proof that the cause of the damage was within the exception (Taylor v. Campbell, 123 App. Div. 698, supra; Edwards v. Ollen Restaurant Corp., 198 Misc. 853). The first cause of action is, therefore, deemed sufficient.
The second cause of action sets forth a claim of violation of paragraph “ sixth ” of the lease, which provides: “ Tenant agrees to operate the drive-in theatre in a good and businesslike manner, and will do nothing which will discredit the premises in and for the operation of a drive-in theatre.”
The items of alleged failure to repair are reincorporated in this cause by one of its paragraphs, and in a later paragraph appears an allegation, in the approximate language of paragraph “ sixth ” of the lease, that the defendant tenant failed to operate the theatre in a good businesslike manner and did operate it in a manner which has brought discredit on it. The later paragraph, if it presage proof of additional violations of paragraph “ sixth ” would be defective for it fails to contain ultimate fact and is conclusory. However, the ad damnum paragraph of this cause (except for the matter noted following) restricts the damages claimed to have arisen from a violation of *244 paragraph “ sixth ” to the failures to repair. So limited, the cause is held sufficiently stated.
The ad damnum paragraph of the second cause, somewhat surprisingly, includes, for the first time mentioned, an allegation that the “ kind and type of pictures ” shown by the defendant tenant damaged the plaintiff by discrediting the theatre, in violation of paragraph “ sixth ”. While the location of this allegation is not appealing artistically, misplacement is not an unduly grave defect. However, the phrase 1 ‘ kind and type of pictures ” reveals nothing as to the nature of the pictures exhibited. The allegation of discreditable operation founded upon the phrase is thus capable of sustension only by inference — a fault emphasized by the varied inferential possibilities incident, when reflection is had upon the diverse esteem in which motion pictures are held, dependent upon the level of taste. The allegation must, therefore, be regarded as indefinite, uncertain and impossible to answer. The defendant tenant is entitled to a description of the kind and type of pictures which the plaintiff claims brought discredit on the theatre. The second cause must be amended to this extent if the allegation is to stand — and the amended allegation should first appear in another and more appropriate paragraph.
The motion to dismiss the first and second causes of action is denied; the motion to amend the second cause of action is granted to the extent indicated, and the plaintiff is required to serve an amended complaint on the defendant’s attorney within 20 days after entry of the order hereon or, in default thereof, the hereinbefore discussed allegation shall be deemed stricken.