James Bohl, CPA, P.C., Appellant,
against
Avrom Poffenbarger, Defendant, and Ronkonkoma Properties, LLC, Respondent.




The Siegel Law Firm, P.C. (Bradley Siegel of counsel), for appellant.
Somer, Heller & Corwin, LLP, for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), entered June 2, 2015. The judgment, after a nonjury trial, upon a finding in favor of plaintiff in the principal sum of $2,248.32 on its cause of action against defendant Ronkonkoma Properties, LLC for the return of its security deposit and upon a finding in favor of defendant Ronkonkoma Properties, LLC in the principal sum of $3,093.47 on its counterclaim for damage to the premises, awarded defendant Ronkonkoma Properties, LLC the net principal sum of $845.15.




ORDERED that the judgment is modified by reducing the award in favor of defendant Ronkonkoma Properties, LLC on its counterclaim to the sum of $243.97, resulting in an award in favor of plaintiff against defendant Ronkonkoma Properties, LLC in the net principal sum of $2,004.35; as so modified, the judgment is affirmed, without costs.
Insofar as is relevant to this appeal, plaintiff brought this commercial claims action to recover an amount of previously paid rent and a security deposit, totaling the sum of $3,061.68, and Ronkonkoma Properties, LLC (defendant) filed a counterclaim seeking damages for clean-up at the premises at the end of the lease. At a nonjury trial, plaintiff submitted the lease, which stated that the security deposit shall be returned to the tenant after the expiration of the lease, and plaintiff's witness testified that the premises had been cleaned, including the bathroom and carpets, when plaintiff had vacated the premises. Defendant's witness testified that, after plaintiff had vacated the premises, defendant had paid $249.50 to clean the carpets, $100 to wash the windows, $2,500 for painting and $243.97 to get the electricity turned back on. The court awarded plaintiff $2,248.32 on its cause of action against defendant Ronkonkoma Properties, LLC to recover the security deposit and awarded defendant $3,093.47 on its counterclaim, for a net award in favor of defendant in the principal sum of $845.15. Plaintiff appeals, arguing that defendant failed to establish its counterclaim.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, the judgment did not render substantial justice, as defendant did not establish that the clean-up at the premises was for conditions beyond ordinary wear and tear (see Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Mazzarelli v Moniaci, 21 Misc 3d 129[A], 2008 NY Slip Op 51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also Taylor v Campbell, 123 App Div 698 [1908]; Hamilton v Bosko, 54 Misc 3d 386 [Cohoes City Court 2016]). Indeed, defendant presented no evidence with respect to the condition of the premises at the time they were vacated. Although defendant submitted a bill from the contractor marked paid, the bill merely states window cleaning, painting and spackling, and carpet cleaning, which, without more, is insufficient to establish a condition going beyond ordinary wear and tear.
Nevertheless, defendant's evidence was sufficient to establish that plaintiff had caused the electricity to be turned off in violation of a provision in the lease and that, as a result, defendant had incurred an expense of $243.97. Thus, defendant is entitled to a setoff in this amount against the $2,248.32 owed plaintiff for the return of its security deposit (see General Obligations Law § 7-103).
Plaintiff does not raise any issue with respect to the District Court's failure to award it any amount of previously paid rent.
Accordingly, the judgment is modified by reducing the award in favor of defendant Ronkonkoma Properties, LLC on its counterclaim to the sum of $243.97, resulting in an award in favor of plaintiff as against defendant Ronkonkoma Properties, LLC in the net principal sum of $2,004.35.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018