William C. DARDEN, t/a Durrah and Darden, Appellant,

v.

CAPITOL CAB COOPERATIVE ASSOCIATION, INC., Appellee.

No. 2425.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 3, 1959.

Decided Sept. 18, 1959.

Rehearing Denied Oct. 26, 1959.

James T. Wright, Washington, D. C., for appellant.

George B. Parks, Washington, D. C., Roy Garvin and Robert A. Harris, Washington, D. C., on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Acting Judge.

In this suit for an unpaid balance of attorney's fees the question is whether the trial court was right in ruling for defendant at the conclusion of plaintiff's evidence.

Plaintiff claimed that in July 1956 defendant, an incorporated cab association, employed him as its attorney at an agreed monthly fee of $350, and that though he performed the agreed services for some 20 months, he was paid only $300 per month. His testimony, supported in large part by officers of defendant corporation whom he called to the stand, was that he had first sought to have the monthly fee fixed at $375, but later agreed with officers of the corporation to accept $350, and such fee was written into a contract between them, and was also confirmed to plaintiff by official letter authorized by the Board of Directors. Plaintiff testified that some time after he started receiving the lesser monthly payments he made demands for the difference. There was testimony that plaintiff was asked to "hold off a while" because of some difficulty the association was having. There was evidence that the contract had not been approved by the membership as required by the association by-laws, and that at a membership meeting the Board of Directors' recommended approval of the contract had been "either tabled or something; it wasn't passed." But neither the membership nor the board took any steps to notify the plaintiff of such action, as he continued to serve as attorney for the association.

If the decision of the trial court was based on "defendant's motion for a directed verdict" as the minute entry indicates, the ruling was erroneous because plaintiff had clearly made out a prima facie case: he had proved his performance of an agreement and defendant's breach. If (as defendant urges here) the ruling was one granting judgment under Municipal Court Rule 41(b) we think it was erroneous for similar reasons.

We recently had occasion to discuss several decisions dealing with standards governing review of non-jury cases dismissed

at the conclusion of plaintiff's evidence. National Tire Dealers & Retreaders Ass'n v. G. D. C. Corp., D.C.Mun.App., 147 A.2d 869, 871. There we said that in view of the fact that the trial court had amended its Rule 41(b) so as to conform to the federal rule, the court upon completion of plaintiff's evidence may make findings of fact and render judgment on the merits against the plaintiff. We also said: "We add, however, that this power should be sparingly exercised for we adhere to our former view that sound procedure in most cases requires withholding adjudication on the merits until both sides have presented their evidence." The applicability of that language to this situation is apparent.

The trial court made no findings of fact and gave no reasons for its ruling; thus we are left in the dark as to the actual basis of decision. In this court defendant argues in effect that there was no contract for $350 per month. But there was a writing evidencing such an agreement, and a letter to plaintiff notifying him that the $350 monthly fee had been approved by the Board of Directors. It is true that the by-laws called for approval by the membership. But the evidence was clear that no notice of members' disapproval was ever given plaintiff while the organization continued to utilize his services. In these circumstances we think it must be held that plaintiff's evidence did not justify a judgment for defendant, and that it was wrong to decide against plaintiff without hearing defendant's evidence.

Another matter may be mentioned: Plaintiff based his claim on the alternative theory of quantum meruit. The transcript does not contain the arguments or proceedings had on the motion for judgment, and so we do not know whether that theory was considered, or whether plaintiff sought or was given an opportunity to present evidence in support thereof. We assume that on the retrial such will be done.

Reversed, with instructions to award a new trial.