Peter J. LO MEDICO and Mary L. Lo Medico, Appellants,

v.

Nathan SIMKOWITZ and Ruth B. Simkowitz, Appellees.

No. 2482.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 7, 1959.

Decided March 17, 1960.

Edmund H. Feldman, Washington, D. C., for appellants.

John N. Lyle, Washington, D. C., for appellee Ruth B. Simkowitz.

No appearance for appellee Nathan Simkowitz.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants brought this suit alleging that they had performed work on property owned by appellees, that full payment was not made for labor and materials furnished, and, accordingly, that money was due them. A default judgment was entered against appellees. The judgment against Mrs. Simkowitz, hereafter referred to as the wife, was then set aside and trial was had on her liability only. At the conclusion of appellants' case, the trial court dismissed the

suit against her, and this is the first problem on appeal. The judgment against Mr. Simkowitz, hereafter referred to as the husband, remains in force. He is an appellee, however, because appellants moved to attach his interest in funds which he and his wife owned as tenants by the entirety, which motion was denied. This is, basically, the second error assigned, but it will not be reached [1] because the case turns on the first assignment of error.

These are the facts: Appellees owned an apartment house as tenants by the entirety, and they received notice from the District of Columbia to make certain repairs. The husband contracted with appellants to undertake the work, which was subsequently performed. Mr. Lo Medico testified that in negotiating for this work, he conversed only with the husband, that he looked solely to him, extended credit to him alone, and was unaware that the wife was joined with her husband on the property. The husband testified that, although the property was jointly owned, he, in effect, operated the building; that he conversed with his wife about the building's affairs; and that he had "full authority to run the building." He said that he had ordered other repairs and incurred other expenses without his wife's objection and paid for them with money received from the building, and that he "was acting for the building" in contracting with appellants concerning the repairs in this case. He testified further that his wife knew of the District's requirement but objected to payment only after the property was sold.[2] Even on cross-examination by his wife's counsel he testified, "I ran the building for both of us."

If, when he contracted with appellants, the husband was acting for his wife with the authority to act, she too would be liable to them, and of course no one contends otherwise. Therefore, the precise question is whether appellants' evidence sufficiently shows such authority as would require the wife to put on her case.

We feel, in view of this evidence, that the trial court erred in dismissing the complaint at the close of appellants' case.[3] It is true, of course, that the relationship of husband and wife does not, in and of itself, establish a principal-agent relationship.[4] However, neither does it prevent such a relationship, and we believe that appellants' evidence, at that stage of the trial, demonstrated that the husband had authority to act for the wife in managing the property.

Therefore, the ultimate question is whether the husband had authority to bind the wife to the specific contract in dispute. Here, too, the evidence, at that point of the trial, demands an affirmative answer. With the authority to manage this property, to care for it, to protect it, and to maintain it, goes the incidental and reasonably necessary authority to contract for repairs and upkeep which in themselves are reasonable and necessary.[5]

It is our conclusion therefore that the trial court was in error, for, although we do not hold that the husband was the wife's agent, appellants' evidence was certainly sufficient to require the wife to put on her proof. Accordingly, the judgment in favor of Ruth B. Simkowitz is reversed and a new trial granted.

It is so ordered.

---

1. On this question, see our recent case of Held v. McNett, D.C.Mun.App., 1959, 154 A.2d 349.

2. Appellees sold the property after the repairs were made.

3. The case coming to us in this posture, we, of course, must look at appellants' evidence most favorably to them. See generally, National Tire Dealers & Retreaders Ass'n, Inc. v. G. D. C. Corp., D.C. Mun.App., 1959, 147 A.2d 869, 870–871.

4. Chesser v. Troiano, D.C.Mun.App., 1948, 61 A.2d 629, 631; Rheam v. Martin, 1905, 26 App.D.C. 181, 190.

5. See 2 Am.Jur., Agency § 195 (1936).