**CAPITOL CAB COOPERATIVE ASSOCIATION, INC., Appellant,**

v.

**William C. DARDEN, Appellee.**

No. 2668.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1961.

Decided April 5, 1961.

Roy Garvin, Washington, D. C., with whom George B. Parks and Robert A. Harris, Washington, D. C., where on the brief, for appellant.

James T. Wright, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This case was before us on a previous occasion. We reversed a judgment for defendant and ordered a new trial. New trial resulted in a judgment for plaintiff and defendant has appealed. The general nature of the controversy is set forth in our former opinion. Darden v. Capitol Cab

Co-operative Association, Inc., D.C.Mun. App., 154 A.2d 352.

The trial court found that defendant Association had engaged plaintiff's legal services for a period of July 1, 1955, through June 30, 1956, at $300 a month; that about July 1, 1956, plaintiff submitted a new contract for a year's service at $350 a month, which was approved by defendant's board of directors but disapproved by defendant's membership; that about September 17, 1956, the board of directors again approved the contract and so notified plaintiff, but the Board's action was never submitted to the membership; that plaintiff was advised by both the president and business manager that he would receive the increased compensation; and that plaintiff represented the defendant for the period of July 1, 1956, through February 1958, assuming that his contract had been validly approved and that his compensation would be $350 a month although he was paid only $300 a month.

The trial court concluded that plaintiff was entitled to recover the unpaid balance of $50 a month for the period in which the new contract was in existence, holding that the Association's by-law relied upon as invalidating the contract was itself invalid because inconsistent with a provision of our Code.

The by-law relied on by the Association provided:

"The Board of Directors shall retain an Auditor and Legal Counsel on a yearly basis to protect the interest of this Cooperative. The selection of this personnel shall be subject to final approval of the membership. The Board of Directors shall fix the compensation for the Auditor and Legal Counsel subject to the recommendations of the Budget Committee and the approval of the membership."

The Association argues that since the membership never approved the increased compensation to plaintiff the action of the Board was completely ineffective.

The section of the Code relied upon by the trial court relates to Cooperative Associations and provides:

"The articles or by-laws may provide that within a specified period of time any action taken by the directors must be referred to the members for approval or disapproval if demanded by petition of at least 10 per centum of all the members or by vote of at least a majority of the directors: *Provided, however,* That the rights of third parties which have vested between the time of such action, and such referendum shall not be impaired thereby." Code 1951, § 29–821.

We agree with the trial court that the Code Section and the by-law are not consistent. Section 29–818 of the Code provides that a cooperative association shall be managed by a board of directors and in conformity therewith appellant's by-laws provide that the management of the Association shall be vested in the board of directors; but the by-law here in question would restrict the power of the Board in selecting and fixing the compensation of the auditor and counsel to a mere advisory capacity, leaving the ultimate decision in all cases and under all circumstances to the membership. The by-law went beyond the permissive limits of the Code Section; and to the extent that it did, we agree with the trial court it was invalid and constituted no defense to plaintiff's claim.

Other claims of error relate mainly to the trial court's findings of fact. These findings have substantial support in the evidence and may not be disturbed.

Affirmed.