James WITHERSPOON, Appellant,

v.

DUNBAR HOTEL, INC., a corporation, Appellee.

No. 3047.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 6, 1962.

Decided Aug. 20, 1962.

Dorsey Evans, Washington, D. C., for appellant.

William A. Tinney, Jr., Washington, D. C., entered an appearance for appellee, but filed no brief.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

PER CURIAM.

In this action for breach of contract the trial court held that plaintiff had failed to make out a prima facie case and ordered judgment for defendant. Plaintiff asks reversal.

Plaintiff, a contractor, testified that defendant authorized him to do some construction and related work for a total of $900, payable as follows: $300 at the end of the first week, $300 when concrete was to be poured, and the final $300 on completion of certain stuccoing work. He testified that at the end of the first week defendant paid him only $200 instead of the agreed $300, and on the following Monday he was ready to pour concrete, but defendant's manager told him to hold up the work for a few days because the company was thinking of tearing down part of the properties involved; and later that week told him the company had decided to abandon the project.

At the end of the plaintiff's testimony the trial court granted defendant's motion for judgment, stating that if it could be assumed that plaintiff had proved a contract, he had not proved damages. We must hold the ruling erroneous. Viewed in its most favorable light, plaintiff's evidence established that he had a contract with defendant, and that while he was in the course of performing the contract defendant breached it for reasons of its own, and paid him less than the amount agreed upon as the first installment. Whether that difference is the true measure of damages, or whether some other standard should be applied, we need not decide; but it is clear that plaintiff established prima facie evidence of some compensable damage.

Reversed, with instructions to award a new trial.