The **WARNER CORPORATION**, a corporation, t/a George F. Warner & Co., Appellant,

v.

**MAGAZINE REALTY CO., Inc.,** a corporation, Appellee.

No. 4584.

District of Columbia Court of Appeals.

Submitted April 21, 1969.

Decided July 17, 1969.

Michael F. Keogh and John F. Costello, Washington, D. C., for appellant.

Bruce Magazine, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant instituted this action below alleging that appellee was indebted to it for labor and materials appellant used for repairs on certain air conditioners in appellee's apartment buildings. After appellant rested its case, the trial court, sitting without a jury, granted appellee's motion for a finding in its favor without stating any reasons for its action.

Appellee's former property manager, Richard Rogers, testified that, acting as manager of appellee's apartments, he telephoned appellant and requested repairs on certain air conditioners in the apartments. Rogers also testified that he had noticed appellant's employees working on the air conditioners in question but could not say what work was done on them. Cost was never discussed, and Rogers relied upon the fair and reasonable nature of past billings. When appellant's bill was submitted, Rogers authorized its payment.

Appellant's credit manager testified from the work records of the billing department that, pursuant to the call from Rogers, work had been performed on the air conditioners in five of appellee's apartment units. The bill rendered to appellee, a copy of which was admitted into evidence, specified the apartments in which the work had been performed, the parts used and their cost, and the charge for labor.

Appellant contends that it made out a prima facie case and that it was error to grant appellee's motion for a finding in its favor. It is appellee's position that appellant failed to make out a prima facie case and, even if such a showing was made, the trial court properly found for appellee on the merits pursuant to Rule 41(b) of the District of Columbia Court of General Sessions.[1] We reverse for the following reasons.

■■■ Appellant's witness established that appellant had been requested to make the repairs by appellee's property manager, who, having the authority to order repairs, thereby bound appellee by his action. Lo Medico v. Simkowitz, D.C.Mun.App., 158 A.2d 681 (1960). It is fundamental that in the absence of circumstances indicating otherwise, one who orders work done impliedly promises to pay for it. Dodge's Market, Inc. v. Turner, D.C.Mun.App., 67 A.2d 526 (1949).

Appellant's credit manager testified as to the number of hours its employees had worked in making the repairs, the hourly rate paid the employees, and the hourly rate charged appellee for labor. The reasonableness of the hourly rate charges was undisputed. Rogers partially corroborated this testimony in that he saw appellant's employees working several days on the air conditioners in question.

■■■ Viewing the evidence in the light most favorable to the appellant,[2] it made a prima facie showing of a contract between

1. Rule 41(b) reads in part:
   * * * After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(b). * * *

2. Hamilton v. Blankenship, D.C.Mun.App., 173 A.2d 737 (1961); Lo Medico, *supra*, 158 A.2d at 682 n. 3; Petty v. Rowe, D.C.Mun.App., 91 A.2d 331 (1952).

it and appellee, of appellant's performance of that contract, of a breach of appellee's obligation to pay for the work and services rendered, and, therefore, of appellant's right to *some* compensatory relief. Witherspoon v. Dunbar Hotel, Inc., D.C.Mun. App., 183 A.2d 837 (1962); Weinreb v. Strauss, D.C.Mun.App., 80 A.2d 47 (1951). Thus, it was error for the trial court to grant appellee's motion if it was granted on the ground that appellant had not made out a prima facie case.

■ Under Rule 41(b), *supra* n. 1, which is modeled after Rule 41(b) of the Federal Rules of Civil Procedure, the trial court in a non-jury case may find for the defendant on the merits when the plaintiff has rested, even if the plaintiff has made out a prima facie case. Ellis v. Carter, 328 F.2d 573 (9th Cir. 1964); Island Service Co. v. Perez, 309 F.2d 799 (9th Cir. 1962); Huber v. American President Lines, Ltd., 240 F.2d 778 (2d Cir. 1957). If the trial court acts pursuant to this provision, it does not view the evidence in the light most favorable to the plaintiff but weighs the evidence and considers the credibility of the witnesses as it would at the end of the trial. Trask v. Susskind, 376 F.2d 17 (5th Cir. 1967); Palmentere v. Campbell, 344 F.2d 234 (8th Cir. 1965); Penn-Texas Corp. v. Morse, 242 F.2d 243 (7th Cir. 1957). If the trial court finds plaintiff's evidence insufficient to prevail on the merits and grants defendant's motion, the trial court *must* make findings of fact. *Trask, supra.*[3] This was not done in the instant case.

■ When a plaintiff appeals from an adverse ruling under this provision of Rule 41(b), it is the function of the appellate court to determine if the evidence supports the trial court's findings. However, "we adhere to our former view that sound procedure in most cases requires withholding adjudication on the merits until both sides have presented their evidence." National Tire Dealers & Retread Ass'n, Inc. v. G. D. C. Corp., D.C.Mun.App., 147 A.2d 869 (1959). Where, as here, no findings were made, the appellate court is unable to perform its function of review.[4]

■ The usual procedure in such situations is to remand the case to the trial court for findings. *Cf.* Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955). However, other factors, such as lapse of time between remand and trial or where credibility of witnesses may be the crucial issue, may warrant remanding for a new trial. 5 J. Moore, Federal Practice ¶ 41.13(2), at 1152 (2d ed. 1967). We feel the instant case presents such a situation requiring a new trial. The record is unclear whether the trial court granted appellee's motion on the merits or for the failure of appellant to make out a prima facie case. We have found that appellant did sustain its burden of making a prima facie showing and since over a year and a half has elapsed since the trial below, making it improbable that the testimony or the demeanor of the witnesses could be sufficiently remembered for the purpose of making findings, we

Reverse and remand for a new trial.

---

3. *See also* Rule 52(b) of the District of Columbia Court of General Sessions, which states in part:
    * * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion *except as provided in Rule 41(b).* (Emphasis supplied.)

4. In an analogous situation under Rule 52(b) of the Federal Rules of Civil Pro-

cedure it has been held that the failure of the trial court to make findings is harmless error where the record clearly reflects the basis of the trial court's decision. Leighton v. One William Street Fund, Inc., 343 F.2d 565 (2d Cir. 1965). Such is not the situation here where there is no opinion of the trial court and the Agreed Statement of Proceedings and Evidence sheds no light on the trial court's reasons for its holding.