Ned O. WILLIAMS, Appellant,

v.

L. J. MILLS AND SONS, INC., Appellee.

No. 5702.

District of Columbia Court of Appeals.

Submitted June 21, 1971.

Decided July 14, 1971.

opinion since we were in search of the evidence which supported the Board's resolution of June 9, 1970.

Dudley R. Williams, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

PER CURIAM:

The landlord, who is appellee in this case, sued appellant for the possession of premises he was renting on the ground of nonpayment of rent in the amount of some $600. Appellant's defense was that he was withholding his rent so long as appellee refused to make necessary repairs to the house he was occupying with his family. According to the Statement of Proceedings and Evidence,[1] appellant, his daughter, and a District of Columbia housing inspector testified as to the alleged defects in the rental property, which included holes in the floor of the porch and walls, plaster falling from the ceilings, a bathtub with no control knobs, a gas stove without proper burners, and water leaking from the bathroom sink to the floor below.[2] The Statement of Proceedings and Evidence stated "further testimony was elicited regarding repairs made during the period defendant refused to pay rent."

The trial court entered judgment for appellee without making any findings

2. A "List of Deficiencies" issued by the D.C. Housing Division for the house was apparently placed in evidence.

1. Since no court reporter was present at the trial no transcript is available.

of fact or conclusions of law[3] and thus we are left in the dark as to the reason for its ruling. We have no way of knowing whether the trial court as finder of fact disbelieved appellant and his witness, or else concluded that the defects had been substantially repaired[4] and became *de minimis* so far as habitability is concerned, *see* Javins v. First National Realty Corp., 138 U.S.App.D.C. 369, 380 n. 63, 428 F.2d 1071, 1082 n. 63 (1970), thereby obliging the tenant to pay his rent in full. As we have had occasion to note in the past we cannot intelligently review a trial court's decision unless we know upon what it was based. *See* Nation-Wide Check Corp. v. Banks, D.C.App., 260 A.2d 367, 368–369 (1969). Under the circumstances we have no alternative but to reverse the judgment and remand the case for a new trial.

Since the trial court ordered appellant during this appeal to pay his rent into the registry of the court, we continue that order in effect until the trial court disposes of the case on its merits and time for appeal from such decisions has expired.

Reversed and remanded for a new trial.

---

3. The Superior Court now makes findings of fact and conclusions of law in all cases unless expressly waived by the parties. Super.C'v.R. 52.

4. Appellant asserts that full abatement of these defects did not occur until well after trial.