**Louis SEGAL, by his friend, James W. Winchester, Appellant,**

v.

**Frank CALCARA and Michael Belli, Appellees.**

**No. 6012.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1971.

Decided Jan. 17, 1972.

---

James W. Winchester, of the bar of the State of New Jersey, pro hac vice, by special leave of court, with whom Dudley R. Williams, Washington, D. C., was on the brief, for appellant.

Herman Miller, Washington, D. C., submitted on the brief for appellees.

Before HOOD, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

Appellant, a minor, commenced an action by his next friend in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia, seeking recovery of $550 which represented a security deposit and one month's rent for an apartment in the District of Columbia. He alleged that he entered into a voidable lease with appellee Calcara through his agent appellee Belli, that he personally paid $70, and that $480 was paid on his behalf by his mother. Appellant never took up residence in the subject premises. However, at his request, one of his prospective roommates was given a key and lived in the apartment for a period of eight days.

Thereafter, the apartment was vacated and appellees were advised, by both appellant and his mother, that appellant would not comply with the rental agreement.

Appellees asserted at the trial that because the notice of termination was given during the first month of occupancy, its effect was to terminate the lease only after expiration of the second full month. Appellees, therefore, urged that they were entitled to two month's rent ($440) and a cleaning fee ($10). ·After the commencement of the action, they returned to appellant's mother $100 of the security deposit. Appellees also asserted that even though appellant was a minor he was liable for the reasonable rental value of the apartment during the period of his constructive occupancy (his friend's eight-day stay) and that such liability exceeded $70.

During presentation of appellant's case, the trial judge ruled, sua sponte, that " . . . this Court is not going to give her son $480, when she is the one who has paid for it." At the close of appellant's case, defense counsel moved for dismissal as to the full $550.[1] That motion was not ruled upon and the claim for $70 was taken under advisement.

The court made no formal findings of fact or conclusions of law, and the only disposition apparent on the record is a handwritten notation on the original jacket cover, reading: "Complaint dismissed for failure of the proper party to sue." This notation was signed by the trial judge.

Rule 41(b)[2] requires, in cases of involuntary dismissal, that " . . . [i]f the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." This requirement that the trial court "state findings of fact specially and state separately its conclusions of law"[3] serves several

---

1. This motion was apparently for Involuntary Dismissal pursuant to Super. Ct.Civ.Rule 41(b) made applicable to the Small Claims and Conciliation Branch by its Rule 2.

2. *Id.*

3. Super.Ct.Civ. Rule 52(a), also made applicable to the Small Claims and Conciliation Branch by its Rule 2.

purposes.[4] The procedure, when followed, evokes care on the part of the trial judge and facilitates appellate review.

> When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. . . . [Saginaw Broadcasting Co. v. F. C. C., 68 App.D.C. 282, 287, 96 F.2d 554, 559 (1938).]

This court also has held that a record which does not contain the requisite findings is not capable of intelligent review.[5] Such is the case here.

The normal procedure is to remand the case to the trial court for appropriate findings. *See* Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955); Warner Corp. v. Magazine Realty Co., D.C.App., 255 A.2d 479 (1969). However, other factors may warrant remanding for a new trial.[6] The summary disposal of appellant's claim for $480 might easily have precluded the introduction of evidence necessary to a well-reasoned determination of that issue.[7] There is also a serious question as to the disposition of the remaining part of the claim ($70) which was taken under advisement.[8] We feel that these observations are representative of substantial defects in the record which can only be remedied by a new trial. Accordingly, the case is

Reversed and remanded for a new trial.

---

4. *See generally* 5A J. Moore, Federal Practice ¶ 52.06 [1] (2d ed. 1971).

5. Warner Corp. v. Magazine Realty Co., D.C.App., 255 A.2d 479 (1969); Williams v. L. J. Mills and Sons, Inc., D.C.App., 279 A.2d 503 (1971) (a Rule 52 disposition); *cf.* Nation-Wide Check Corp. v. Banks, D.C.App., 260 A.2d 367 (1969); Darden v. Capitol Cab Cooperative Assn., D.C.Mun.App., 154 A.2d 352 (1959).

6. *See generally* 5 J. Moore, Federal Practice ¶ 41.13 [2] (2d ed. 1971).

7. Evidence concerning the exact legal relationship between appellant's mother and appellees is lacking, as is any finding on whether or not the subject payment was a gift to appellant.

8. We would question whether it was a necessity of life to appellant that his friend occupy the apartment.