STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-070
PAF-YOR-5|17|0001.

KYRAJEAN HAZELTON,

Plaintiff

v.

ORDER
AND
DECISION

CHRISTOPHER STEELE and
ERIN STEELE,

Defendants

The plaintiff has sued both Christopher Steele and Erin Steele, whose correct name is Eryn Soule, based on a claim that a Joe Messer, who was working in a supervisory capacity for Christopher Steele's business, Precision Painting, sexually harassed her at a job site in Saco. Both sides have moved for summary judgment and both the plaintiff and defendants agree that the Erin Steele named in the complaint, who is actually Eryn Soule, should be dismissed as a defendant.

Around 7:00 p.m. on June 19, 1999 Joe Messer entered the X-Tra Mart in Saco and identified himself as the head of a painting company that was painting the interior of the new Holiday Inn across the street. He indicated that he needed painters in order to meet an imminent deadline and that the pay would be $15.00 an hour under the table. Ms. Hazelton accepted the offer and went to work at the Holiday Inn around midnight after her shift at the X-Tra Mart ended. She alleges that during the course of the night Joe Messer sexually harassed her. In the early

morning the plaintiff left the job, after receiving some money in cash, and did not return.

The issue in the motions for summary judgment is whether Joe Messer was an independent contractor or whether he was an employee of the defendant Christopher Steele.

The test to be used to resolve this dispute is well established in Maine and comes from *Murray's case*, 130 Me. 181, 186, 154 A.2d 352, 354 (1931) and has been restated in more recent cases such as *Taylor v. Kennedy*, 1998 Me. 234 ¶¶ 8 and 9, 719 A.2d 525, 527-8 and *Legassie v. Bangor Publishing Company*, 1999 Me. 180 ¶¶ 5-17, 741 A.2d 442, 444-7. Those factors are stated as follows:

(1)    the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price;

(2)    independent nature of the business or his distinct calling;

(3)    his employment of assistants with the right to supervise their activities;

(4)    his obligation to furnish necessary tools, supplies, and materials;

(5)    his right to control the progress of the work except as to final results;

(6)    the time for which the workman is employed;

(7)    the method of payment, whether by time or by job;

(8)    whether the work is part of the regular business of the employer.

The opinions stress that the most important factor is the right to control, *Taylor* at ¶ 8. "The essence of the 'independent nature of the business' and the 'right to control

the progress of the work' factors is the freedom of the employee or independent contractor to do work without direction, so long as the work gets done." *Legassie* at ¶ 12.

In this case both sides agreed at oral argument that there are no material facts in dispute and that the status of Joe Messer should be decided on summary judgment. Neither side believed that there were any facts in dispute that required a trial on the issue of Mr. Messer's status.

Mr. Steele and Mr. Messer had a contract for Mr. Messer to provide supervisory services for about $15.00 per hour. This contract was for the Saco job but was on an hourly basis rather than a fixed price basis. The contract's provisions support both theories.

While Mr. Messer was given substantial independence on the job site the business or distinct calling of being a painting supervisor does not necessarily have an independent nature.

Joe Messer had the power to supervise the activities of the painters as their manager and was not supposed to hire painters on his own. He did, however, hire and pay a number of painters on his own, including the plaintiff, which supports the claim that he was acting as an independent contractor. He was not required to furnish tools, supplies and materials as he was hired as a supervisor. He was allowed to use Precision Painting's van.

The fifth factor is particularly important and strongly suggests that Joe Messer was an independent contractor. He was given overall supervision and the right to

3

control the progress of the work. He had the freedom to work without direction as long as the work got done. The length of employment was for the duration of the job which is consistent with both independent contractor and some employee relationships. While the pay was on a per hour basis Joe Messer decided how many hours he would work. Lastly, the work of managing painting contracts was part of the regular business of the employer.

While there are facts that support both sides, the facts far more strongly support a finding that there was an independent contractor rather than employee relationship. An additional fact supporting that conclusion is the receipt by Mr. Messer of an IRS Form 1099-MISC for 1999 from Mr. Steele's business listing $7,490 in non-employee compensation. Messer had the clear right to control the job and is an independent contractor. Any misconduct by Messer is not attributable to Christopher Steele as Messer was not his employee.

While Mr. Steele and his unincorporated business never responded to the charge filed before the Maine Human Rights Commission and did not participate in proceedings before the Commission that inattentiveness does not establish liability.

The entry is:

Judgment for the defendants on the complaint.


Dated:        May 17, 2001

Ronald R. Coles, Esq. - PL
Jodi L. Nofsinger, Esq. - DEFS

Paul A. Fritzsche
Justice, Superior Court

4