## PETTY v. ROWE.

### No. 1253.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 25, 1952.

Decided Sept. 15, 1952.

Noah J. Menard, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Claiming that his landlord had charged as rent for an apartment more than the amount allowable under the Rent Control Act of 1951, Code 1951, Supp. I, 45–1601, et seq., a tenant sued under said Act for $1340 representing twice the amount of such alleged overcharges. The record recites that after plaintiff had rested his case "defendant moved for a directed verdict" and that the trial judge granted such motion. This appeal followed.

We shall take a moment to point out, as has been done in earlier cases, that in a trial without a jury a "motion for directed verdict" is entirely inappropriate. Taylor v. United Broadcasting Co., D.C. Mun.App., 61 A.2d 480, 482, and cases there cited. There we said, "Obviously a trial judge cannot in a non-jury case 'direct a verdict' any more than he can 'instruct himself as a matter of law' thus and so. This latter formula was many years ago char-

---

4. Eastern Acceptance Corp. v. Henry, D.C. Mun.App., 62 A.2d 309.

acterized as 'nonsense.' Fields v. District of Columbia, 26 App.D.C. 70." We also take occasion to repeat the following language from the opinion in the Taylor case: "In the interest of accuracy and orderly procedure counsel should not ask for 'a directed verdict' in a non-jury case and trial judges should refuse to entertain such a motion."

Turning to the merits we note that the complaint alleged that the legal rent for the premises was $35, that being the amount for which the premises rented on January 1, 1941, the freeze date under the Emergency Rent Act as originally enacted, Code 1940, Supp. VII, 45–1601 et seq. This allegation was denied. But the landlord in his answer admitted the allegation that during the period involved tenant had paid and he had received monthly rentals of $55. Thus the only basic fact for plaintiff to prove was the amount of rent which was being paid on the freeze date, there being no contention by either party that the Rent Administrator had established a new ceiling on the premises. To establish that, plaintiff's wife testified that "defendant admitted to her that Dorothy Kyger [a former tenant] occupied said apartment as a tenant from 1937 to 1948 at a rental of $35 per month." Defendant was called to the stand by plaintiff and in the course of his testimony he denied having made the admission just referred to.

The question before us is whether at that stage of the case and on the basis of the two conflicting pieces of testimony (both contained in plaintiff's case in chief) the trial judge could properly have entered a finding against the plaintiff. Stated otherwise, was the trial judge right or wrong in ruling that plaintiff had not established a prima facie case?

 Nothing is better settled than that on a motion for a finding at the close of plaintiff's case (as on a motion for directed verdict in a jury case) the evidence is to be examined in a light most favorable to plaintiff, and that if there is any evidence to support plaintiff's claim defendant must be put to his proof. Here there was a flat state-ment that defendant had admitted that a prior tenant had paid a much lower rental during a 9 year period, including the statutory freeze date. Plaintiff was, for the purpose of defendant's motion, entitled to have that accepted as true. Hence it was wrong to rule that plaintiff had not made out a prima facie case.

Reversed with instructions to award a new trial.