## ZOSLOW et al. v. NATIONAL SAVINGS & TRUST CO. et al.

### No. 11426.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 22, 1952.

Decided Dec. 24, 1952.

Ralph F. Berlow, Washington, D. C., with whom Austin F. Canfield and William T. Hannan, Washington, D. C., were on the brief, for appellants.

John H. Burnett, Washington, D. C., with whom Chapin B. Bauman, Washington, D. C., was on the brief, for appellees Louise N. Miller and Alice E. Noonan.

John M. Lynham, Washington, D. C., with whom Arthur P. Drury and John E. Powell, Washington, D. C., were on the brief, for appellee National Savings & Trust Co.

Before EDGERTON, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

In 1946 appellants bought an interest in certain land and buildings in the District of Columbia. Appellee National Savings & Trust Company was the vendors' agent. In 1948 appellants filed a suit in two counts,

one against the Trust Company for alleged deceit and one against appellee Estate of Noonan, a lessee of the vendors, for alleged breach of a covenant regarding the condition of the premises. The District Court directed verdicts for both defendants.

The alleged deceit relates to the presence or absence of a heating plant. The property was to be sold subject to leases on various parts of the premises and an officer of the Trust Company showed appellants the leases. In a lease made in 1938 the lessee Estate covenanted to "maintain heating plant in good condition" and furnish heat. In a lease of another part of the premises to another lessee in 1941, the lessors covenanted to "maintain the heating plant in good condition" and furnish heat. The Trust Company officer is said to have told appellants that the Company "was selling according to these leases" and that "the conditions seemed to be good" because there had been no "complaints". Appellants did not inspect the property until after they bought it. They found it contained no heating plant. It had for some time been heated by a furnace in an adjoining building.

The Trust Company officer said nothing to appellants about the presence or absence of a heating plant. It does not appear that he had the subject in mind. What he said to appellants did not clearly imply that there was, at the time, a heating plant in the building. To show prospective purchasers existing leases and sell "according to" the leases is not to say that all their recitals and factual implications have continued to be true. Moreover appellants failed to show when the heating plant was removed or that the Trust Company knew it had been removed. In an action at law "the party relying upon fraud must show that the misrepresentations asserted were made either with knowledge of their untruth or in reckless disregard of the truth. * * * It is settled also that fraud must be shown by clear and convincing evidence * * * which is not equivocal, that is, equally consistent with either honesty or deceit". Public Motor Service v. Standard Oil Co. of New Jersey, 69 App.D.C. 89, 91, 99 F.2d 124, 126. There is no such evidence here.

Appellants contend that appellee Estate should reimburse them for the cost, which was great, of putting the leased premises in good condition. Appellee's lease contained covenants that the lessee would "make all necessary repairs" and would "at the expiration or other termination of this Lease * * * yield up to the Lessors the demised premises in good repair, order and condition in all respects, reasonable wear and use thereof and damage by fire, storm, or other unavoidable casualty only excepted." We think these covenants taken together mean that with the indicated exceptions the tenant will yield up the buildings in as good condition as he finds them and in as good condition as his own needs require. The covenants do not mean that the tenant will improve the buildings. "In the present case the word 'necessary' applied to repairs, may well be understood to denote such repairs as were necessary to the defendants, and not such as might be necessary for some future or different use of the property, after their lease had expired." White v. Albany Railway, 17 Hun 98, 101. So far as Keroes v. Richards, 28 App.D.C. 310, holds the contrary it is overruled. Appellants failed to show what condition the place was in at the beginning of the lease. Accordingly they failed to show a breach of the lessee's covenants.

We need not consider appellees' other contentions.

Affirmed.