James NICOS, Appellant,

v.

**William J. CHEAKALOS and John Aravanis, Appellees.**

No. 1717.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 12, 1955.

Decided Jan. 17, 1956.

Louis N. Nichols, Washington, D.C., for appellant.

John J. O'Brien, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for fraud and accounting or in the alternative for money judgment filed by appellant, plaintiff in the trial court, against defendants Cheakalos and Aravanis, alleging that they obtained possession and control of his business by deceit. The decision of the trial court was in favor of defendants. Bringing this appeal, plaintiff claims among other things that the trial court erred in ruling on the weight and sufficiency of the evidence. At trial plaintiff offered evidence that he had operated a small fruit and candy store in the District of Columbia for many years; that he became ill and as a consequence, the store was closed for certain periods; and that defendant Cheakalos helped him in the store on one occasion. Plaintiff further testified that he and Cheakalos had formed a partnership but that Cheakalos had refused to live up to the terms of the agreement. There was no evidence that such agreement had been reduced to writing. There was considerable conflict in the testimony as to whether plaintiff had voluntarily surrendered the store to Cheakalos, whether there had been a partnership, or whether Cheakalos had purchased it. There was also conflict as to the number and condition of the fixtures and the amount of stock contained in the store and their value.

At the conclusion of plaintiff's evidence a motion to dismiss was made and granted on both counts as to defendant Aravanis and on the fraud count as to Cheakalos. The trial then proceeded on the basis of a suit for accounting against Cheakalos. He offered evidence that a former partner of plaintiff had removed most of the fixtures that were of any value and that there was hardly any merchandise left in the store. He also denied the forming of a partnership and first said that plaintiff had requested him to take over the business because he was too ill to operate it. Later he testified that he had paid plaintiff $529 for the business; that plaintiff had arranged to have the lease transferred to him; and that he had subsequently sold the store to defendant Aravanis. The court made findings of fact and conclusions of law and held that plaintiff had failed to prove the existence of fraud; that the evidence failed to disclose the existence of a partnership; and that proof was lacking as to any relationship with defendants based upon trust and confidence. The court further found that plaintiff had failed to sustain the burden of proof as to the amount of damages, if any.

▮▮ Plaintiff contends that the court erred in granting defendants' motion to dismiss at the close of his case on the fraud allegation as to defendant Cheakalos. With this we cannot agree. While it is true that on such a motion the same rules apply which are applicable to a motion for directed verdict, that is, plaintiff's evidence with all reasonable inferences therefrom must be taken as true,[1] it is also the rule in this jurisdiction that fraud must be shown by clear and convincing evidence which is not equivocal.[2] The most that plaintiff established in presenting his case, assuming his evidence to be true and granting every reasonable inference therefrom, was that a partnership existed between himself and Cheakalos and that Cheakalos did not abide by the terms thereof. Such evidence does not establish a prima facie case of actionable fraud and therefore the granting of the motion to dismiss was not error.

▮▮ The case at bar presents a simple and direct issue of credibility. The testimony was in flat conflict. The questions presented involved questions of fact as to the conduct and course of dealing by the parties. While it is true that there were discrepancies in the testimony, such discrepancies affected only the weight of the testimony and we assume that the trial court took this into consideration in arriving at its decision. As we have stated on many occasions, our function is to resolve questions of law and no authorities need be cited in support of this proposition. The issues were fairly submitted to the court and we cannot say that the trial judge was wrong in holding that plaintiff failed to carry his burden.

Affirmed.

1. Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632.

2. Zoslow v. National Savings & Trust Co., 91 U.S.App.D.C. 391, 201 F.2d 208.