**Robert W. POWERS, Appellant,**

**v.**

**Joseph COATES, Appellee.**

**No. 3482.**

District of Columbia Court of Appeals.

Argued June 1, 1964.

Decided Sept. 25, 1964.

---

Kevin P. Charles, Washington, D. C., for appellant.

James T. Barbour, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a landlord from an adverse judgment in an action against his tenant. The property in question is a dwelling house and was leased for a period of one year. The lease contained a provision that the tenant should keep the premises in the same good order and condition in which received and should pay for all repairs rendered necessary by the negligence of the tenant. Another provision required the tenant to surrender the premises at the termination of the lease "in good order and condition, ordinary wear and tear, damage by fire, act of God, or the public enemy excepted."

During the rental term the tenant took his family on a vacation and left the premises unoccupied from December 22 until January 3. On his return the tenant found that the "water pipes and radiators and other fixtures throughout the house had been damaged extensively, apparently due to the freezing of water within the pipes and fixtures." After seeing this damage the tenant took his family to a hotel and did not return until the damage had been repaired. The landlord, who was absent from this country, through his rental agent had the damage repaired at a cost of over $1,000. This action, brought by the landlord shortly before termination of the lease, and tried after its termination, sought to recover from the tenant the cost of the repairs.

The complaint, referring to the lease provision requiring the tenant to pay for repairs occasioned by his negligence, alleged the damage was due to the negligence of the tenant, but alleged no specific act of negligence. At the commencement of trial the landlord was permitted to orally amend his complaint by adding a count alleging violation of the covenant to surrender the premises in good order and condition. During trial the tenant, called as a witness by the landlord, admitted leaving the premises unoccupied and finding the damage on his return. He offered no explanation for the freezing of the pipes, and the landlord presented no evidence respecting it.

At the close of the landlord's case the trial court ruled that the doctrine res ipsa loquitur did not apply to the evidence as presented, that in any event the doctrine could not be considered because not pleaded, and that no recovery could be had under the covenant to surrender in good order and condition because the landlord had repaired the damage during the tenancy and consequently the premises were surrendered in their original condition. So ruling, the court found in favor of the tenant. For reasons hereafter stated, we hold that the rulings of the court were erroneous.

■ The law of this jurisdiction respecting the doctrine of res ipsa loquitur was summarized by this court in the following manner:

"In this jurisdiction it is established that the principle of res ipsa loquitur 'is simply that when the cause of an accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, the defendant's negligence may be inferred without additional evidence.' Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679. It is also established that the principle in question is not 'restricted to any particular pattern of facts', Kerlin v. Washington Gas Light Co., D.C.D.C., 110 F.Supp. 487, 489, affirmed 94 U.S.App.D.C. 39, 211 F.2d 649, and 'contains no absolute stand-

ards by which to determine its applicability to a given situation.' Pomeroy v. Pennsylvania Railroad Co., 96 U.S. App.D.C. 128, 129, 223 F.2d 593, 594. If a plaintiff's case comes within the principle he is 'enabled to escape the possibility of having the court direct a verdict against him', Underwood v. Capital Transit Co., 87 U.S.App.D.C. 68, 69, 183 F.2d 822, 823, certiorari denied 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672, and 'is entitled to go to the jury.' Washington Loan & Trust Co. v. Hickey, supra. Application of the principle, of course, does not compel a finding for plaintiff or even shift the burden of proof. Capital Transit Co. v. Jackson, 80 U.S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, certiorari denied 326 U.S. 762, 66 S.Ct. 143, 90 L.Ed. 459. The jury 'are at liberty to decide for themselves whether the preponderance is with the plaintiff even where there is no evidence to countervail the inference.' Underwood v. Capital Transit Co., supra. 'The inference, even standing alone, may be rejected by the trier of fact.' Martin v. United States, 96 U.S.App.D.C. 294, 297, 225 F.2d 945, 947, 948." [1]

Viewing the evidence in this case in the light of the above stated principles, we are of opinion that the doctrine of res ipsa loquitur is applicable. The cause of the accident—the freezing of the pipes—was known. The heating system and the water system within the house were within the control of the tenant. Ordinarily the water in the pipes, radiators and other fixtures in a dwelling house will not freeze unless through negligence proper precaution is not taken to prevent it. One of the reasons behind the rule of res ipsa is that the defendant has greater access to the cause of the accident than does the plaintiff, and such is the case here. Incidentally, it may be noted that although the lease contained a covenant making the tenant responsible for damages due to his negligence such a covenant is merely a statement of the law, and even in the absence of such a covenant a tenant is liable for the results of his negligence. Maiatico v. Hot Shoppes, Inc., 109 U.S.App.D.C. 310, 287 F.2d 349 (1961).

It was error for the trial court to rule that the doctrine of res ipsa could not be considered because not pleaded. The doctrine is a procedural rule of evidence and is not a rule of pleading. Formerly there was doubt whether a plaintiff who alleged or proved specific acts of negligence could also rely upon res ipsa, but it is now settled in this jurisdiction that proof of some acts of negligence does not necessarily deprive a plaintiff of the benefit of the doctrine, and in a proper case he may rely on both res ipsa loquitur and proof of specific negligence. Levy v. D. C. Transit System, Inc., D.C. Mun.App., 174 A.2d 731 (1961). Here, the landlord neither alleged nor attempted to prove any specific act of negligence and clearly was entitled to rely upon res ipsa.

Finally, we think the trial court was in error in holding that because the landlord repaired the damage promptly after it occurred, the tenant was absolved from responsibility under his covenant to surrender the property at the end of the lease in good condition. It is true that at the end of the term the premises were in good condition, but this was only because the landlord in order to protect his property had repaired the damage. The tenant made no effort to repair the damage, and if the damage was due to the tenant's negligence, the result is the same whether the landlord was forced to repair it during the term or after it had ended. "Where the landlord during the term with the implied consent of the tenant makes repairs, he may, on termination of the lease, recover such part of the expenditure as was necessary to make good the tenant's default in restoring the premises to the condition covenanted for." 51 C.J.S. Landlord and Tenant § 415.

[1.] Wilson v. Spencer, D.C.Mun.App., 127 A.2d 840, 841 (1956).

The covenant simply required the tenant to surrender the premises in as good condition as he took them at the beginning of the term, subject to the stated exceptions. Zoslow v. National Sav. & Trust Co., 91 U.S.App.D.C. 391, 201 F.2d 208 (1952). When the landlord showed that the premises had been damaged in a manner inconsistent with ordinary wear and tear he presented a prima facie case, making it incumbent on the tenant to come forward with proof that the damage was not caused by any negligence or misuse on his part, or suffer such judgment the prima facie proof may support. Miller v. Belknap, 75 Idaho 46, 266 P.2d 662 (1954). See also, Rosenbloom v. Posner, D.C.Mun.App., 104 A.2d 823 (1954).

Reversed with instructions to grant a new trial.