Rosemary P. ANDREWS and Samuel J. Andrews, Jr., Appellants,

v.

Fred FORNESS and Arloween Forness, Appellees.

No. 5318.

District of Columbia Court of Appeals.

Argued Sept. 21, 1970.

Decided Jan. 22, 1971.

Rolland G. Lamensdorf, Washington, D. C., for appellants.

William Clague, Washington, D. C., for appellees.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant Rosemary Andrews was a passenger in a car which was struck in the rear while stopped for a traffic light at the intersection of Independence Avenue and Second Street, S.W. Appellee Arloween Forness, the operator of the second car, testified that she had been following the Andrews car for about a block when both cars came to an intersection; that the traffic light changed quickly allowing the Andrews car to pass through while compelling her to stop. Mrs. Forness further testified that when the light changed she proceeded through the intersection; that no cars were then between her car and the Andrews car, which was stopped at the next intersection, and that as she neared the Andrews car she applied her brakes, but nothing happened; the pedal went to the floor. Mrs. Forness said that she tried to switch lanes, but that the traffic was too heavy for her to maneuver into another lane; consequently the front left portion of her car collided with the rear of the Andrews car. Appellants sued in negligence for injuries received by Mrs. An-

drews as a result of the collision. The defense was unavoidable accident.

At trial, the court refused to instruct the jury on the doctrine of res ipsa loquitur on the grounds that it had not been pleaded and, further, that it was not in any event applicable to the facts of the case. We disagree in both instances.

■ Appellees contend that while the doctrine of res ipsa loquitur need not be pleaded,[1] the fact that there is to be a reliance upon res ipsa loquitur must be disclosed at pretrial. We hold that since "[t]he doctrine is a procedural rule of evidence and is not a rule of pleading",[2] the failure to disclose at pretrial a contemplated reliance upon the doctrine of res ipsa loquitur is not fatal to its application in a proper case at trial.

■ ■ We hold further that the doctrine of res ipsa loquitur applies to the particular fact situation presented here. Its elements, namely, that the cause of the accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, are all present in this case and combine to support an inference of negligence without the necessity of presenting further evidence.[3] An analogy may be drawn to those cases which hold "that when a moving vehicle strikes a stationary object which is not out of its proper place, a prima facie case of negligence is established."[4] Similarly, in this case, it is our opinion that although the burden of proof remains with appellants to ultimately preponderate on the issue of negligence, the doctrine of res ipsa loquitur permits them to have the case considered by a jury on proper instructions regarding the allowable infer-

1. Powers v. Coates, D.C.App., 203 A.2d 425 (1964).

2. *Id.* at 428.

3. Powers v. Coates, *supra* note 1; Wilson v. Spencer, D.C.Mun.App., 127 A.2d 840 (1956).

4. Haw v. Liberty Mut. Ins. Co., 86 U.S. App.D.C. 86, 91, 180 F.2d 18, 23 (1950). *See also* Bonbrest v. Lewis, D.C.Mun. App., 54 A.2d 751 (1947); Schwartzbach v. Thompson, D.C.Mun.App., 33 A.2d 624 (1943).

ence of negligence to be drawn from the facts.[5]

■ Appellants also objected at trial to the court's instructing the jury that they should draw no inference of negligence from the mere happening of the accident in this case.[6] Since such an instruction is inconsistent with one on res ipsa loquitur, it should not be given on retrial of the case.

■ Appellants claim that the court erred in giving an instruction on unavoidable accident.[7] In Sadorus v. Wood, D.C. App., 230 A.2d 478 (1967), we discussed at some length the propriety of instructing the jury on unavoidable accident in a negligence case, expressing agreement with those courts which have concluded that the instruction serves no useful purpose, is confusing and misleading.[8]

The giving of an instruction on 'unavoidable accident' unnecessarily injects a 'straw issue' in the case, diverts the attention of the jury from the primary issue of negligence, and necessarily creates the impression in the minds of the jurors of a second hurdle that plaintiff must overcome if he is to prevail. * * * The particular vice of an unavoidable accident instruction in any case is that it tends to mislead the jury by creating a spurious additional issue in the case when in fact the sole issue is the presence or absence of negligence proximately causing the accident.[9]

Although *Sadorus* dealt with an unseen patch of ice rather than a sudden brake failure, such questions as the condition of the brakes, when and by whom they were last repaired, the reasonable foreseeability of a brake failure, and the possibility of evasive action after the brake failure are nevertheless essentially issues of negligence. It is therefore our opinion that here, as in *Sadorus*, the issue of whether or not the accident could have been avoided can adequately be covered by the customary instructions on negligence and proximate cause without the additional instruction on unavoidable accident.

■ Finally, appellants complain of the court's giving the jury an instruction on emergency or imminent peril.[10] The use of such an instruction has not heretofore been disapproved although it is said that "[s]trictly speaking, sudden emergency is not a separate defense; it is simply a reason advanced by a defendant to show he was not guilty of the negligence with which he has been charged and which he had put in issue by a denial." Blackwell v. Regal Cab Company, 114 U.S.App.D.C. 397, 398, 316 F.2d 398, 399 (1963).[11] However, if necessary, this question should be decided in the context of the case on retrial.[12] Accordingly, we

Reverse and remand for a new trial.

---

5. See Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815 (1913); Machanic v. Storey, 115 U.S.App.D.C. 87, 317 F.2d 151 (1963); Martin v. United States, 96 U.S.App.D.C. 294, 225 F.2d 945 (1955); Underwood v. Capital Transit Co., 87 U.S.App.D.C. 68, 183 F.2d 822 (1950), *cert. denied*, 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672 (1951).

6. Junior Bar Section, Bar Association of the District of Columbia, Civil Jury Instructions for the District of Columbia, No. 61, (1963).

7. *Id.* No. 47.

8. See, e. g., Schaub v. Linehan, 92 Idaho 332, 442 P.2d 742, 746 (1968); Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 504, 65 A.L.R.2d 1 (1958).

9. Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263, 273 (1967).

10. *Supra* note 6, No. 46.

11. See also cases cited in 80 A.L.R.2d 12 et seq.

12. We should add that even without instructions on unavoidable accident and imminent peril counsel may of course argue to the jury that Mrs. Forness was confronted with an emergency situation and could not have avoided the accident.