**Ronald BAUMAN, Appellant,**

v.

**Darry A. SRAGOW, Appellee.**

**No. 7036.**

District of Columbia Court of Appeals.

Argued April 26, 1973.

Decided July 27, 1973.

David Rein, Washington, D. C., for appellant.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher, William H. Clarke and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

This is an appeal from a directed verdict in a case involving an accident between plaintiff's (appellant's) motorcycle and defendant's (appellee's) automobile. At the end of the plaintiff's case in chief the trial court directed a verdict in favor of the defendant.

Plaintiff testified he was riding his motorcycle south on 23rd Street, N.W., between H and I Streets, at 5:30 in the evening of July 21, 1970. There were two [1] southbound traffic lanes and appellant was proceeding in the right-hand lane at 25 to 30 m. p. h., the same speed as the other southbound traffic. Planning to turn left at G Street, he noticed a Volkswagen to his left. He speeded up to approximately 35 m. p. h., and, at a distance of approximately 20 yards ahead of the automobile, moved into the left-hand lane. He gave no signal as he felt it was safer to make a lane change with both hands on the handlebars. However, he watched the Volkswagen in his rearview mirror as he accelerated past it. Appellant was in the left-hand lane for approximately four seconds when he was struck from the rear by the automobile he had passed. Appellant also testified to a conversation he had with the defendant (appellee) immediately after the accident:

I asked him why he didn't hit his brakes, why he didn't stop, and at that time he told me that he didn't know—he thought he must have panicked. He said he thought he took his foot off the gas but he didn't remember hitting the brakes.

. . . .

The trial judge directed a verdict on the ground that appellant was contributorily negligent.

■ On a motion for a directed verdict the evidence must be viewed in the light most favorable to the party against whom the verdict is sought. Super.Ct.Civ.R. 50(a). With the evidence so viewed, a verdict may be directed only when the evidence is so clear that reasonable men could reach but one conclusion. Wilson v. Brame, D.C.App., 228 A.2d 326 (1967). In this case, the trial judge apparently felt that appellant's admitted violation of two traffic regulations, i. e., speeding and changing lanes without signaling,[2] constituted contributory negligence as a matter of law.

■ Violation of traffic regulations may, of course, constitute negligence per se. Whether the applicable regulations were violated, however, and whether their violation was the proximate cause of the collision, are questions of fact for the jury unless reasonable persons could draw but one conclusion from the evidence. Abel v. First Security Insurance Co. of America, D.C.Mun.App., 120 A.2d 586, 587 (1956).

■ On the basis of the evidence presented by the plaintiff, we believe a jury could reasonably find that neither the plaintiff's passing speed nor his failure to signal was a proximate cause of the collision, particularly if, as he said, he was in the left lane for about four seconds before being struck in the rear. Moreover, a jury might reasonably believe appellee "panicked" and failed to apply his brakes, thus causing the accident. On the other hand, a reasonable jury might also reach a contrary conclusion in this case, especially when it hears the defense testimony. But irrespective of which conclusion a jury might reach, the fact that more than one conclusion might reasonably be drawn from the evidence demonstrates that a directed verdict should not have been granted at the conclusion of plaintiff's case.

Reversed and remanded for further proceedings.

1. A third lane, the curb lane, was occupied by parked cars.

2. D.C. Traffic & Motor Vehicle Regulations §§ 28, 32 and 39 (1967).