**Belton LEWIS, Appellant,**

v.

**RENT–A–CRANE, INC., a Foreign Corporation, Appellee.**

**No. 7271.**

District of Columbia Court of Appeals.

Argued Oct. 11, 1973.

Decided Feb. 11, 1974.

---

1. The complaining witness' account of the incident was corroborated by two impartial eyewitnesses.

Peter E. Derry, Washington, D. C., for appellant.

Patrick J. Attridge, Washington, D. C., for appellee.

Before KERN, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant (hereinafter the plaintiff) sued the defendant, a construction crane rental company, in negligence, for damages for injuries alleged to have occurred when shoring boards fell from defendant's crane, hitting the plaintiff as he was working in a construction ditch. This appeal is from a denial of plaintiff's motion for a new trial, made after a directed verdict was entered in favor of the defendant, in which plaintiff argued specifically, for the first time, the applicability of the doctrine of res ipsa loquitur.[1] We affirm.

The plaintiff was employed by Rodgers Brothers Associates, (hereinafter Rodgers), a contractor engaged in installing a sewer line. The crane was owned by the defendant and leased to Rodgers with an operator. (Defendant brought in Rodgers as a third party defendant.) When the accident occured, plaintiff was in a ditch about twenty-five feet from the crane tamping earth around a newly installed sewer line. Defendant's crane was engaged in pulling up shoring boards from the sides of the construction ditch. A fellow employee of plaintiff attached the boards to the crane's cable and the crane pulled the boards up. This same Rodgers' employee directed the movements of the crane. Plaintiff had been in the ditch only a few moments when a fellow worker yelled to him to look out, at which time he looked up and saw two boards falling "from the crane".[2] One

---

1. Appellant's notice of appeal states that he "appeals to [this court] from the order of [the Superior Court] denying his motion for a new trial." While orders granting or denying motions for new trials are generally not appealable, we have treated appellant's appeal as being from the judgment itself. Diatz v. Washington Technical School, D.C.Mun. App., 73 A.2d 227 (1950), aff'd sub nom. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26 (1951); 6A Moore's Federal Practice ¶¶ 59.04[11], 59.15[1] (1973).

2. The defendant asserts that there was no direct evidence that the board which hit the plaintiff fell "from the crane". In support of this contention defendant asserts that plaintiff's direct testimony that the boards fell "from the crane" was *contradicted* on cross-examination.

On direct examination plaintiff gave the following testimony:

Q. Could you tell us where these [falling] boards were coming from?

A. From the crane. [Tr. at 12.]

On cross-examination defendant's counsel asked the following question and received the following answer:

Q. And the only thing you know is that you were down in the ditch and suddenly

of the boards hit him on his head and right thumb, causing injuries.

The only evidence presented by the plaintiff about the accident itself came from plaintiff. Additional witnesses for the plaintiff were: a safety specialist for the Minimum Wage & Industrial Safety Board, who testified as to certain regulations concerning construction safety; also, a crane operator at the time of the accident, who was only questioned about the ownership of the crane and his relationship with the defendant. He was not asked any questions concerning his knowledge of whether the board had been attached to the crane or if he knew why it fell.

At the close of plaintiff's case defendant moved for a directed verdict on the ground that no negligence had been proved. The trial court granted the motion. Plaintiff did not specifically invoke the theory of res ipsa loquitur in resisting defendant's motion for a directed verdict although the substance of his arguments was in that vein. Plaintiff argues in this appeal, as he did in his motion for a new trial, that the court should have submitted the case to the jury on the theory of res ipsa loquitur. Defendant has not contended that the issue is not properly before us.

There is no evidence whatever establishing that the defendant acted negligently. Plaintiff's argument is that the evidence was sufficient to permit the jury to infer negligence. It·is well established in this jurisdiction that the principle of res ipsa loquitur

> is simply that when the cause of an accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, the defendant's negligence may be inferred without additional evidence. . . . [Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943) (footnote omitted);

Wilson v. Spencer, D.C.Mun.App., 127 A.2d 840, 841 (1956).]

There is little question but that the cause of the accident here was known. The only evidence before the court was plaintiff's uncontradicted testimony that the boards fell "from the crane" (see note 2, supra), and that it was one of the boards which caused his injury. Defendant contends that there was no evidence it was negligent and that since the instrumentality which caused the accident was not under its exclusive control, res ipsa loquitur cannot be applied. The claim of lack of exclusive control is premised on the fact that, while the crane operator was in exclusive control of the mechanical operation of the crane, it was a Rodgers' employee who tied the boards to the crane's cable and directed the movements of the crane.

The complaint herein, of course, alleges negligence only as to the defendant. Although Rodgers, no doubt, carried a broad responsibility as general contractor and lessee of the crane, there can be no substantial question of the answerability of defendant if its operator was negligent. Ciejek v. Crane Service Co., 122 U.S.App.D.C. 91, 95, 351 F.2d 788, 792 (1965).

The defendant and Rodgers were not engaged in a joint venture and the complaint does not allege joint operation or joint liability. The defendant was in no way responsible for the acts of Rodgers or its employees. If, under the facts of this case, it had been established that Rodgers' employee was negligent in the manner in which he tied or fastened the board to the crane cable, the defendant would not be liable therefor. The crane operator and Rodgers' employee individually performed different acts. On this record it makes little difference that Rodgers was made a third party defendant, and its mere presence in the case on this basis does not assist plaintiff's present effort to establish

the hand that you were working with—Pat or somebody yelled "Look out," and you turned around and saw a board coming and

put your hand up to stop from being struck by the board; is that correct?
A. Yes, sir. [Tr. at 38.]

liability against defendant, under res ipsa loquitur, on the theory they were joint tort feasors.

The third party complaint is not in the record on appeal; we therefore do not know upon what theory defendant's claim for contribution is based. Plaintiff did not assert any claim against the third party defendant, as permitted by Super.Ct.Civ.R. 14(a), and we know of no contention at trial that they were joint tort feasors.[3] Rodgers did not participate at trial. It would appear that plaintiff was not interested in suing Rodgers, as his only remedy against it would be under the Workmen's Compensation Act. D.C.Code 1973, § 36–501; 33 U.S.C. § 905 (1970).

Plaintiff cites the cases of Greet v. Otis Elevator Co., D.C.App., 187 A.2d 896 (1963), and Washington Sheraton Corp. v. Keeter, D.C.App., 239 A.2d 620 (1968), as support for its argument that "the doctrine of res ipsa loquitur is applicable against both alleged tort feasors." We do not agree that those cases are relevant to plaintiff's situation.

■ In each of those cases plaintiff alleged, and there was evidence of, joint control. In the one case, joint control of an elevator, and in the other, joint control of an escalator. For the reasons previously indicated we do not consider this to be such a case. The defendant here, for example, exercised no control whatever over the fastening of the boards to the cable which was an essential part of the operation of which plaintiff complains. The evidence as to the nature of the accident itself must not only support the inference of defendant's negligence, but it should exclude the inference it was due to a cause with which defendant was not connected. Taylor v. Crane Rental Co., 103 U.S.App. D.C. 13, 254 F.2d 350 (1958).

The trial court made the following findings and comments on the evidence among others:

There is no evidence at all that the defendant crane operator knew or should have known that the plaintiff was in the ditch at the time that the injury was sustained.

The evidence reflects that it was Rodgers Brothers' employees who tied the cable to the boards . . . and . . . it was Rodgers Brothers' employees who transmitted the signals to the crane operator for the purpose of informing him how to operate the crane.
. . .

There has been no evidence that the crane operator . . . was the one that was supervising the removal of these boards. . . .

. . . . . . .

[T]he Court concludes that it is clear and unequivocal that no testimony has been offered in this case which would establish in a prima facie sense that the defendant would be responsible for the injuries sustained by Mr. Lewis. Consequently, I shall direct a verdict and enter judgment in favor of the defendnat as against both plaintiffs. [Tr. at 72–74.]

Plaintiff then moved for a new trial as we have indicated.

■ We hold that plaintiff failed to produce any evidence of negligence on the part of defendant or evidence that would support a verdict under the doctrine of res ipsa loquitur as enunciated *supra*. Plaintiff failed to establish that the board that struck him had been in the exclusive control of defendant since the securing of such boards to the crane's cable was in the control of the contractor Rodgers. *See* Alley v. Texas Electric Service Co., 134 S.W.2d 762, 769 (Tex.Ct.Civ.App.1939), and Longoria v. Violet Gin Co., 309 S.W.2d 484 (Tex.Ct.Civ.App.1958).

In view of the lack of evidence indicating negligence on the part of defendant

---

3. *See generally* W. Prosser, Law of Torts §§ 46 and 47 (1971); Restatement of Torts §§ 875–76 (1969).

and the failure of the evidence to show that the injury could only have been caused by the negligence of appellee, the judgment of the trial court is

Affirmed.