Beverly EVANS, Appellant,

v.

Ivory BYERS and Julious Thomas, Appellees.

No. 6780.

District of Columbia Court of Appeals.

Argued Feb. 7, 1973.

Decided Jan. 27, 1975.

Jack H. Olender, Washington, D. C., with whom Martin Mendelsohn, Washington, D. C., was on the brief, for appellant.

Lynn B. Owens, Washington, D. C., for appellee Byers.

Richard W. Galiher, Frank J. Martell, and William J. Donnelly, Jr., Washington, D. C., entered appearances for appellee Thomas.

Before REILLY, Chief Judge, GALLAGHER, Associate Judge, and QUINN, Associate Judge, Retired.

REILLY, Chief Judge:

This is an appeal from a directed verdict at the conclusion of plaintiff's case of an action brought by a federal employee to recover damages for a personal injury which she attributed to an automobile accident. She sued both the driver of the car in which she was a passenger at the time and the driver of the car which collided with it.

■ As the case was tried without a jury, a ruling on what was called by both defendants "a motion for directed verdict" is something of a misnomer. Petty v. Rowe, D.C.Mun.App., 91 A.2d 331 (1952). No doubt what defendants intended were motions to dismiss for failure to make out a prima facie case under Superior Court Civil Rule 41(b), which serve the same function as motions for directed verdicts. *See* Warner Corporation v. Magazine Realty Co., D.C.App., 255 A.2d 479 (1969). It is apparent that the trial court treated the motions as such in granting them, for it ruled that plaintiff's showing was legally insufficient to show negligence on the part of either defendant.

Consequently, as appellant failed to perfect her appeal against defendant Thomas [1] —the host driver—the only question before us is whether the evidence before the trial court was insufficient to establish a prima facie case for negligence on the part of the other defendant, appellee Byers.

Appellant testified that she was offered a ride to work by a co-worker (defendant Thomas); that she was a passenger in the rear seat; that the car entered the Southwest Freeway at a point where the freeway itself was barricaded so that the only

---

1. Prior to trial, the insurance carrier for this defendant reimbursed the plaintiff for all the medical charges she had incurred—a physician's bill for $325. She was not hospitalized and most, if not all of the time, lost from employment was charged to sick (*i. e.*, compensated) leave.

traffic on it was that entering from the access ramp; that the freeway was three lanes wide in the direction in which they were headed; that the car traveled a distance of approximately four car lengths in a diagonal manner and was entering the extreme left-hand lane when it was struck in the left rear by the Byers' car; and that the first car hit the median guardrail and came to a stop.

Appellant then called defendant Thomas. He testified that when he entered the freeway he proceeded to the extreme left-hand lane; that his car was completely in the lane and had proceeded directly forward for approximately six car lengths when struck in the right rear by appellee Byers; and that his car thereafter hit the median strip and came to a halt. After the testimony and the introduction of medical and attendance records, appellant rested her case. Counsel for both defendants then moved for "directed verdicts."

■ Subsequent to the entry of judgment, plaintiff moved the court for a new trial, naming both defendants, but causing notice of the motion to be served only on counsel for one defendant, Byers. After the motion was considered and denied, plaintiff noted an appeal but only Byers was served with notice. Thomas apparently first learned of the pending appeal in this court upon his receipt of appellant's brief. Appearing specially, Thomas successfully moved this court to dismiss the appeal as to him over appellant's opposition.

■ It is contended that insofar as the ruling of the trial court made it unnecessary for the appellee—the driver of the second car—to go forward and present evidence to disprove negligence on his part, such ruling was erroneous. We disagree. It is fundamental that the mere happening of an accident, even though causing damage to property or person, does not prove negligence on the part of anyone unless the facts not in dispute raise such a strong pesumption of negligent behavior by one of the parties that the trier of fact, be it judge or jury, could logically infer—in the absence of countervailing evidence—that the accident would not have occurred had such party exercised due care. This is the doctrine popularly called *res ipsa loquitur*.

■ As none of the witnesses called by appellant testified that appellee Byers was driving at excessive speed, was inattentive to the traffic in front of him, or doing any of the myriad things not expected of a prudent driver, any inference of tortious conduct on his part would have to depend on the principle of *res ipsa loquitur*.

■ But even granting, *arguendo*, that the account of the accident by the host driver (Thomas), if uncontradicted, can fairly be said to imply that his car would not have been hit unless appellee Byers was guilty of some degree of negligence, it would still have been improper for the trial judge in the posture of the case before him to have applied the *res ipsa* principle. For at that time the witness' version had already been contradicted by the plaintiff herself. Her testimony was that the Thomas car, in which she was riding in the rear seat, was only four lengths from the top of the ramp when struck, that the four lengths included distance utilized in crossing from the third (right-hand) lane to the extreme left lane, that the rear wheels were still in mid-lane, that the struck car was at an angle and had not straightened out when it was hit at *left* rear—not *right* rear as the driver claimed. Hence, as plaintiff's own counsel argued in the trial court, the Thomas car by cutting across three lanes might well have pulled in front of the following car. Thus, plaintiff's own showing consisted of two conflicting accounts of the accident.

In Andrews v. Forness, D.C.App., 272 A. 2d 672 at 673 (1971), the case where a stationary auto was struck in the rear by another, we stated that *res ipsa* applies to a factual situation when the following elements are present: " . . . the cause of the accident is (1) known, (2) in the de-

fendant's control, and (3) unlikely to do harm unless the person in control is negligent . . . ." It is apparent that the first element is absent from the case before us inasmuch as the cause of the accident is unknown because all that the trial court had before it when plaintiff rested were two contradictory versions of what happened.

■ In short, the principle of *res ipsa loquitur* can be invoked only if a plaintiff's case establishes certain uncontroverted facts which indicate negligent conduct by a particular party. But the record in this case reveals that the only uncontroverted fact established by plaintiff was that the car in which she was riding was hit by the other car, for the totality of her own case failed to establish proof of any event which called for countervailing testimony by defendant Byers.

Affirmed.

QUINN, Associate Judge, Retired (dissenting):

I believe the majority is in error in saying that the doctrine of *res ipsa loquitur* cannot apply here because the cause of the accident is not known. The cause is known. The cause was the striking of the lead car by the rear car. Saying that the cause of the accident must be known means simply that the instrumentality or thing causing the injury must be known. Thus in the frequently cited case of Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943), where the court said, "The cause of the accident is known . . . ", it said in that case the "cause" of the accident was "a falling ventilator."

Here the cause of the injury was the striking car which was in control of the driver [appellee], and if the driver of a car uses reasonable care it will not ordinarily strike another car from the rear. *See* Bauman v. Sragow, D.C.App., 308 A. 2d 243 (1973). The trial court was in error in saying that the doctrine of *res ipsa loquitur* could not apply, and the majority of this court is in error in agreeing with the trial court.

I would reverse with instructions to grant a new trial as to Byers only.