Barbara SULLIVAN, Appellant,

v.

Raymond Luther SNYDER, Jr., et al.,* Appellees.

No. 11096.

District of Columbia Court of Appeals.

Argued March 17, 1977.

Decided May 26, 1977.

Ben Paul Noble, Washington, D.C., with whom Walter G. Moyle, Jr., Washington, D.C., was on the brief, for appellant.

William Clague, Washington, D.C., with whom Donald J. Caulfield, Washington, D.C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

Appellant, who as the plaintiff sought damages for personal injuries allegedly sustained in an automobile accident, appeals from a directed verdict for the defendant. The trial court had found that there was no evidence of negligence presented by the plaintiff. Because we find that there was sufficient evidence produced by the plaintiff from which a jury could have inferred negligence, we reverse and remand for a new trial.

The accident occurred while appellant was a passenger in her own car. The driver of her car had been forced to stop suddenly in order to avoid a collision with a car that

---

* Apparently a third party complaint was filed below.

had darted out of a gas station onto the street. After appellant's car had come to a complete stop the automobile driven by appellee Snyder collided with the rear end of appellant's car.

The driver of Mrs. Sullivan's car testified that "a few seconds" elapsed between the time when Mrs. Sullivan's car came to a stop and the rear end collision occurred. Mrs. Sullivan testified that after her car had come to a complete stop she turned around in her seat to see if any car was following and that

> [W]hen I first turned around in my seat it was the first time that he was reacting to my car having stopped. You could see the look of "how she got there," and the reaction of body movements. You could see him hitting his brakes . . . .

█ Appellant also testified that appellee's car was traveling at about 30 miles per hour and was only "approximately seven yards" in back of her car when she turned and saw him hitting the brakes. From this testimony it is clear that a jury question was raised as to whether the driver had been (1) following too closely at the time of the accident, or (2) had failed to react to the emergency within a reasonable time.[1]

█ While it is true, as appellee asserts, that "the mere happening of an accident . . . does not prove negligence on the part of anyone . . . ," *Evans v. Byers,* D.C.App., 331 A.2d 138, 140 (1975); *Harris v. Safeway Stores, Inc.,* D.C.App., 329 A.2d 436 (1974), it is the law of this jurisdiction that under the theory of *res ipsa loquitur* the happening of an accident may be sufficient to prove negligence if "the facts not in dispute raise such a strong presumption of negligent behavior by one of the parties that the trier of fact . . . could logically infer—in the absence of countervailing evidence—that the accident would not have occurred had such party exercised due care." *Evans v. Byers, supra* at 140. In other words, in certain cases, even though there is no allegation of a specific act of negligence, a plaintiff may withstand a directed verdict if a reasonable inference may be drawn that the injury would not have occurred but for the negligence of the defendant.

In this jurisdiction it has been stated previously that the doctrine of *res ipsa loquitur* may be applied in any case in which "the cause of the accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent . . . ." *Andrews v. Forness,* D.C.App., 272 A.2d 672, 673 (1971). Using that formula, this court has applied the doctrine to a case in which an automobile, stopped at a traffic light, was struck in the rear by another automobile. *Id.*

Professor Prosser in his discussion of *res ipsa loquitur* states that "[t]he conditions . . . necessary for the application of the principle . . . are as follows: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) *it must not have been due to any voluntary action or contribution on the part of the*

---

1. Even if we were to consider appellant's testimony as tending to support a finding of a specific act of negligence, this would not defeat her additional reliance on the doctrine of *res ipsa loquitur.* Professor Prosser explains:

> [I]t is quite generally agreed that the introduction of some evidence which tends to show specific acts of negligence on the part of the defendant, but which does not purport to furnish a full and complete explanation of the occurrence does not destroy the inferences which are consistent with the evidence, and so does not deprive the plaintiff of the benefit of res ipsa loquitur.

W. Prosser, Handbook of the Law of Torts § 40, at 232 (4th ed. 1971). It is only when there is sufficient proof of the manner in which the defendant was negligent that the plaintiff can no longer rely on *res ipsa loquitur.* When a specific act of negligence is proved there is nothing left for the jury to infer regarding the cause of the accident and *res ipsa loquitur* "simply vanishes from the case." *Id. See, e. g., Fehrman v. Smirl,* 25 Wis.2d 645, 131 N.W.2d 314 (1964).

*plaintiff."* W. Prosser, Handbook of the Law of Torts § 39, at 214 (4th ed. 1971). [Emphasis added.] Although this formulation is somewhat different from the one enunciated in prior decisions of this court,[2] the analysis in this jurisdiction has been much the same as in the jurisdictions which use the Prosser formula.[3] Prosser's articulation of the elements of *res ipsa loquitur* states well the law as we interpret it. It lends itself to ready application by the trial court and litigants.

Relying upon *Evans v. Byers, supra,* appellee argues that the doctrine of *res ipsa loquitur* cannot appropriately be applied in this case. We disagree. In *Evans* this court concluded that *res ipsa* was inapplicable as plaintiff's own evidence carried an inference that the driver of the car in which she was riding had caused the accident.[4] The two conflicting accounts of the accident given by Evans and her driver prevented the use of the doctrine because

> the first element [in establishing *res ipsa loquitur*] is absent from the case before us inasmuch as the cause of the accident is unknown because all that the trial court had before it when plaintiff rested were two contradictory versions of what happened. [331 A.2d at 141.]

The case before us, unlike *Evans,* is one in which the doctrine of *res ipsa loquitur* may properly be applied. It is unlikely that the accident and injury would have occurred but for the negligence of the defendant; the car was in the exclusive control of the defendant; and the collision was not due to any contribution on the part of the plaintiff. The plaintiff's evidence was sufficient to raise the inference that the defendant had either been negligent in not giving his full time and attention to driving or in following too closely. On this set of facts, it was error for the trial court to render a verdict for the defendant at the end of the plaintiff's case.

Accordingly, the judgment appealed from is

*Reversed and remanded for a new trial.*

---

**2.** *E. g., Evans v. Byers, supra; Lewis v. Rent-A-Crane, Inc.,* D.C.App., 315 A.2d 171 (1974); *Andrews v. Forness, supra.*

**3.** *Compare Evans v. Byers, supra, and Andrews v. Forness, supra, with e. g., Newing v. Cheatham,* 15 Cal.3d 351, 124 Cal.Rptr. 193, 540 P.2d 33 (1975); *Cortez Roofing, Inc. v. Barolo,* 323 So.2d 45 (Fla.Dist.Ct.App.1975), *and Apper v.*

*Eastgate Associates,* 28 Md.App. 581, 347 A.2d 389 (Ct.Spec.App.1975).

**4.** In *Evans v. Byers, supra,* there was not a classical rear end collision as the vehicles collided while moving; apparently they had been moving on more nearly a parallel course prior to the accident.