Harold **MARSHALL,** et al., Appellants,

v.

Frank R. **TOWNSEND,** et al., Appellees.

No. 82–306.

District of Columbia Court of Appeals.

Argued Jan. 20, 1983.

Decided July 22, 1983.

Kurt Berlin, with whom Joseph M. Goldberg, Washington, D.C., was on brief, for appellants.

Eugene L. Chrzanowski, with whom Richard W. Galiher, William H. Clarke, Frank J.

---

Martell, and William J. Donnelly, Jr., Washington, D.C., were on brief, for appellees.

Before KERN, NEBEKER, and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellants contest the trial court's entry of a directed verdict, in their negligence action, on appellees' oral motion following the conclusion of appellants' case-in-chief. Specifically, appellants claim that the trial court erred in holding as a matter of law that the doctrine of res ipsa loquitur was not applicable on the facts as presented. Finding no error, we affirm.

I

The facts are not materially in dispute. Appellants were commercial tenants on the ground floor of a building owned by appellees. The remaining floors consisted of unoccupied apartments. Appellants operated a dry cleaning and laundry establishment.

On July 18, 1977, water began to leak from the ceiling above appellants' business. As the problem worsened, appellants claim they repeatedly telephoned appellees. Allegedly, two individuals sent by appellees attempted to stop the leak but failed. On July 19, the leak unabated, appellants contacted a plumber who arrived and, after going upstairs, stopped the leak. He returned and gave one of appellants' employees a switch which he said was from the hot water heater in one of the upstairs apartments.

On August 18, a month later, the problem recurred. Again, the owners were notified. Two individuals sent by them came and apparently succeeded in stopping the leak.

Appellants then brought an action in negligence for damage to personal property and loss of business profits caused by the flooding. Appellants challenge the directed verdict entered against them.

II

■ Appellants maintain that they established sufficient facts at trial to enable them to avoid a directed verdict through the doctrine of res ipsa loquitur. Res ipsa loquitur permits an inference of negligence where plaintiff establishes that: (1) an event would not ordinarily occur in the absence of negligence; (2) the event was caused by an instrumentality in defendant's exclusive control; and (3) there was no voluntary action or contribution on plaintiff's part. See Quin v. George Washington University, 407 A.2d 580, 583 (D.C.1979); Sullivan v. Snyder, 374 A.2d 866, 867–68 (D.C.1977). See also George Washington University v. Weintraub, 458 A.2d 43, 45 n. 3 (D.C.1983). Plaintiff must prove all three elements, or res ipsa loquitur will not be interposed to prevent a directed verdict. Cf. Evans v. Byers, 331 A.2d 138, 141 (D.C. 1975) (plaintiff must establish certain uncontroverted facts in support of the elements of res ipsa loquitur).

"It has been said that 'ordinarily' is the key concept of res ipsa loquitur." Quin v. George Washington University, supra, 407 A.2d at 583. See Raza v. Sullivan, 139 U.S.App.D.C. 184, 187, 432 F.2d 617, 620 (1970), cert. denied, 400 U.S. 992, 91 S.Ct. 458, 27 L.Ed.2d 440 (1971). "At the threshold, plaintiff must demonstrate that the injury ordinarily does not occur when due care is exercised." Quin v. George Washington University, supra, 407 A.2d at 583; Harris v. Cafritz Memorial Hospital, 364 A.2d 135, 137 (D.C.1976), cert. denied, 430 U.S. 968, 97 S.Ct. 1650, 52 L.Ed.2d 359 (1977). In the instant case, we do not think it can be said that these leaks ordinarily would occur through negligence.

■ At trial, appellants engaged in speculation as to the cause or causes of the two individual leaks. The plumber who stopped the July flooding, and who might have shed some light on the source and cause of the leak, was not called to testify. Thus, there was no testimony offered on the precise source of the leak or the maintenance of the offending water system. At best, negligence was only one of many plausible ex-

planations of the flooding. Appellants' evidence was therefore insufficient as a matter of law to permit an inference of negligence through *res ipsa loquitur* as to either the July or August leak.[1]

Appellants' evidence presented at trial and now restated on this appeal is insufficient as a matter of law to allow the inference of negligence which *res ipsa loquitur* permits. The evidence was deficient in failing to show that either of the leaks would ordinarily only result through someone's negligence. We need go no further to uphold the trial court's order.[2]

*Affirmed.*

FERREN, Associate Judge, dissenting:

I respectfully dissent for the reasons set forth in Part III. of my separate opinion in *George Washington University v. Weintraub,* 458 A.2d 43, 50, 53–56 (D.C.1983) (Ferren, J., dissenting), which concerns a nearly identical factual situation.

1. The August leak is an even less likely candidate for treatment under *res ipsa loquitur* because of the intervention of the plumber at appellants' request. This arguably might make appellants contributors to the August leak, and it removes the upstairs apartments from appellees' exclusive control.

2. To the extent that appellants assert error in the trial court's statement that *res ipsa loquitur* was inapplicable to the maintenance of water systems, we note that there was sufficient support for the trial court's ruling in the fact that the leaks were *not* something which occurred solely through negligence. Any number of things might have caused the leaks, and so the evidence at trial showed. The trial judge's isolated statement is not fatal to his ruling.