625 So.2d 94 (1993)
SCHINDLER CORPORATION, Appellant,
v.
Timm ROSS, et al., Appellees.
No. 92-1835.
District Court of Appeal of Florida, Third District.
October 5, 1993.
*95 Heinrich Gordon Batchelder Hargrove & Weihe and W. Kent Brown, Fort Lauderdale, for appellant.
Joe N. Unger, Kaplan & Freedman, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
The appellee Ross was on duty as a Dade County police officer at the Miami International Airport when he was injured entering an elevator which had misleveled about one foot below floor level. He and his wife sued the present appellant, Schindler Corporation, which serviced and maintained the elevator, and recovered a judgment for damages reflecting the jury's findings that Schindler was eighty percent negligent and he twenty percent comparatively negligent[1] in causing the accident. Schindler now appeals.

I.
At the trial, there was evidence that Dade County, the operator of the airport which was also Ross's employer and was thus protected by workers' compensation immunity from tort liability, may have been guilty of negligence in failing to correct or report its prior knowledge of the defective condition of the elevator. On that basis, Schindler requested that the verdict form reflect the jury's assessment of the County's percentage of negligence, if any. Under our then extant-and-controlling decision of Fabre v. Marin, 597 So.2d 883 (Fla.3d DCA 1992), the trial court refused that request. That decision has, however, since been reversed by the supreme court in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). In the companion case of Allied-Signal, Inc. v. Fox, 623 So.2d 1180, 1182 (Fla. 1993), moreover, it was squarely held that
it [is] necessary to consider the percentage of fault of the plaintiff's employer even though the employer was immune from tort liability under workers' compensation laws.
Fabre and Allied-Signal require a retrial at which Dade County's percentage of fault, if any, may be assessed by the jury.

II.
Over Schindler's objection, the jury was charged on the doctrine of res ipsa loquitur. We find that this instruction was reversible error. This determination is based upon the conclusion that a fall upon or into an elevator which has opened above or below floor level is simply not a fact pattern to which the res ipsa doctrine applies. Technically speaking, it may be said that the situation does not meet the threshold requirement "that the accident is one that would not, in the ordinary course of events, have occurred without negligence." See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341 (Fla. 1978). More fundamentally, the reason for this holding is that what is essentially a trip and fall case does not conform with our intestinal reaction that res ipsa applies when an unknowing plaintiff is injured by a fortuitous act explicable only in terms of someone else's *96 fault. See Byrne v. Boadle, 2 H. & C. 722, 159 Eng.Rep. 299 (1863). This court has previously so held in Valens v. Otis Elevator Co., 482 So.2d 479, 479 (Fla.3d DCA 1986):
Where plaintiff tripped and fell while exiting an elevator which, when it stopped and opened, was not level with the floor, but where responsible causes for the fall or the failure to level, other than negligence on the part of the defendant, were not excluded by the evidence presented, the trial court was correct in denying a request that the jury be instructed on res ipsa loquitur. See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978); Pratt v. Freese's, Inc., 438 A.2d 901 (Me. 1981).
Other decisions have likewise determined that, unlike, for example, falling elevator cab cases, e.g., Wolpert v. Washington Square Office Ctr., 555 So.2d 382 (Fla.3d DCA 1989), or those in which an elevator door has suddenly closed on the passenger, e.g., Burns v. Otis Elevator Co., 550 So.2d 21 (Fla.3d DCA 1989), res ipsa does not apply to a misleveling case. Hafferman v. Westinghouse Elec. Corp., 653 F. Supp. 423, 433 (D.D.C. 1986);[2]Bernstein v. Highland Assocs., Inc., 1 Mass. App. 132, 294 N.E.2d 576 (1973)[3], cited in support of affirmance in Block v. Howard Johnson Co., 524 So.2d 472 (Fla.3d DCA 1988). See generally Otis Elevator Co. v. Chambliss, 511 So.2d 412 (Fla. 1st DCA 1987) (res ipsa inapplicable when customer failed to show that sudden stop of escalator would be "ordinarily" caused by Otis's negligence). While there is contrary authority on the misleveling issue, see Annotation, Liability of Owner or Operator for Injury Caused by Failure of Automatic Elevator to Level at Floor, 64 A.L.R.3d 1020, 1025 (1975), we believe that our conclusion is far more in tune not only with the common understanding of what res ipsa is all about, but with the general Florida approach to the problem which considers the doctrine one of "extremely limited applicability." Goodyear Tire, 358 So.2d at 1341.[4]

III.
Neither of the errors which require a new trial affected the jury's determination of the plaintiffs' damages. Accordingly, we direct that that issue shall not be considered at the *97 retrial, which shall be confined to the issues of negligence, comparative negligence and the apportionment of fault, if any, as to the plaintiffs, the defendant, and Dade County. See Purvis v. Inter-County Tel. & Tel. Co., 173 So.2d 679 (Fla. 1965); Griefer v. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993), and cases cited; Royal Indem. Co. v. Muscato, 305 So.2d 228, 229 (Fla. 4th DCA 1974), cert. denied, 321 So.2d 76 (Fla. 1975); Larrabee v. Capeletti Bros., Inc., 158 So.2d 540 (Fla. 3d DCA 1963); see also D.R. Mead v. Cheshire of Fla., Inc., 489 So.2d 830 (Fla. 3d DCA 1986).
Reversed and remanded with directions.
NOTES
[1] Ross was talking to someone else and stated that he was not paying attention to where he was walking when he entered the elevator.
[2] however, must still establish the first element for application of res ipsa  that the accident would not ordinarily occur absent negligence. It is this first element that is the mostly hotly debated and that is the most "slippery" concept to deal with. In Marshall v. Townsend [464 A.2d 144 (D.C.App. 1983)], the court noted that "ordinarily" is the key concept of res ipsa loquitur. Id. A plaintiff must demonstrate that his injury ordinarily does not occur when due care is exercised. Id.
* * * * * *
... Res ipsa is therefore inapplicable since there has been no showing that negligence was the predominant or the only reasonable explanation for the accident. See Pratt v. Freese's, Inc., 438 A.2d 901, 904 (Me. 1981) (doctrine of res ipsa inapplicable simply because elevator malfunctioned; must be proof accident would not have occurred had the defendants used due care) [cited by this court in Valens, 482 So.2d at 479].
Hafferman, 653 F. Supp. at 433.
[3] accident which occurred is not of the type which would not ordinarily have happened without negligence on the part of the defendant. Stated another way, this is not a situation where it could be inferred that `there was a greater likelihood that the accident was due to his negligence rather than to some other cause.'
Moreover, the failure of the elevator to level with the floor (unlike for example the falling elevator cases relied upon by the plaintiff) did not establish the cause of the plaintiff's injury but simply created a condition upon which the plaintiff subsequently acted and was thereby injured.
Bernstein, 1 Mass. App. at 133-34, 294 N.E.2d at 578 (citations omitted).
[4] The basis of our decision on the res ipsa point makes it unnecessary specifically to reach the issue of whether Schindler, which held the maintenance and service contract on the elevator, but did not own it, may be said to have had its exclusive "control" within the meaning of that prerequisite for the applicability of the res ipsa doctrine. See Goodyear Tire, 358 So.2d at 1339. See generally the discussion of this issue in Otis Elevator, 511 So.2d at 414 n. 4. We do indicate, however, our doubt that this criterion was established, particularly in the light of the Allied-Signal requirement that the possible negligence of Dade County be considered at the retrial.

Similarly, we do not reach the general question of whether evidence  or, as in this case, a finding  of comparative or contributory negligence itself negates res ipsa in every case. See generally Otis Elevator, 511 So.2d at 414 n. 5.